**ELECTRONICALLY FILED IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE ROSA,<br><br>           Plaintiff,<br><br>v.<br><br>BOROUGH OF LEONIA, BOROUGH OF LEONIA COUNCIL, TOM ROWE in his capacity as acting Borough Clerk of the Borough of Leonia, JUDAH ZEIGLER, in his official capacity as Mayor of the Borough of Leonia, JOHN DOE MAINTENANCE COMPANIES 1-5,<br><br>           Defendants. | Civil Action No. 2:18-cv-15534<br><br>REMOVED FROM THE SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  HUDSON COUNTY DOCKET NO.:  HUD-L-607-18 (CONSOLIDATED)<br><br>**ANSWER, SEPARATE DEFENSES AND JURY DEMAND TO PLAINTIFF JACQUELINE ROSA'S AMENDED COMPLAINT** |
| STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION,<br><br>           Plaintiff-Intervenor,<br><br>v.<br><br>BOROUGH OF LEONIA, NEW JERSEY,<br><br>           Defendant. | |

Defendants, Borough of Leonia, Borough of Leonia Council, Tome Rowe, and Judah Zeigler by way of Answer to the Amended Complaint filed by Jacqueline Rosa (hereinafter "Plaintiff") on October 12, 2018, and through their attorneys respond and say as follows:

## NATURE OF ACTION

Denied that the Complaint solely brings claims challenging the validity of an ordinance enacted by the Borough of Leonia as the Amended Complaint also contains claims for the violation of Plaintiff's civil rights pursuant to 42 U.S.C.

§1983 and for violation of the Interstate Commerce Clause contained within the United States Constitution, Article 1, section 8.

## PARTIES

1. Defendants deny the allegations of Paragraph 1 of the Amended Complaint.

2. Defendants admits that the Borough of Leonia is a municipal government that enacted Ordinances 2018-14 and 2018-15, and denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Defendants admit that the Borough Council is a legislative body of the municipality in accordance with N.J.S.A. 40A:60-6, and has been empowered by the State of New Jersey to enact municipal ordinances for the health, safety and welfare of the public, including but not limited to regulation of traffic, pursuant to N.J.S.A. 40:48-2.

4. Defendants deny the allegations of Paragraph 4 of the Amended Complaint.  Thomas Rowe is the Police Chief of the Borough of Leonia. The Borough Clerk is the custodian of records.

5. Defendants admit that Judah Zeigler is the Mayor of the Borough of Leonia, and leave Plaintiff to her proofs as to whether the Mayor "approved" Ordinance No. 2018-14 and Ordinance No. 2018-15 in his capacity as Mayor of the Borough of Leonia.

## FIRST COUNT

6. Defendants repeat and reiterate their responses to Paragraphs 1 through 5 above, as if set forth at length herein.

7.  Defendants admit that the Ordinances referenced in Paragraph 7 were adopted by the Borough Council of Leonia, and signed by Mayor Zeigler, but deny the remaining allegations of Paragraph 7 of the Amended Complaint.

8.  Ordinance No. 2018-14 and No. 2018-15 speak for themselves, and as such Defendants leave Plaintiff to her proofs with respect to the allegations in Paragraph 8 of the Amended Complaint.

9.  Defendants deny the allegations in Paragraph 9 of the Complaint as the Ordinances do not close streets daily but merely places restrictions to control the flow of traffic on the streets listed therein.

10. Defendants deny the allegations in Paragraph 10 since Ordinance 2018-16 speaks for itself.

11.  Defendants deny the allegations of Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Amended Complaint.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14, and Ordinance No. 2018-15 are void, nor is Plaintiff entitled to attorney fees, interest, costs of suit or any other relief prayed for in the First Count of the Amended Complaint.

## SECOND COUNT

14.   Defendants repeat and reiterate their responses to Paragraphs 1 through 13 above, as if set forth at length herein.

15.   Paragraph 15 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent an answer is required, Defendants respond that N.J.S.A. 39:4-8 speaks for itself.

16.   Defendants deny the allegations in Paragraph 16 of the Amended Complaint as no determination has been received from the Department of Transportation that any of the restrictions placed on the streets listed in the subject Ordinances have an impact on a state highway.

17.   Defendants deny the allegations in Paragraph 16 and leave Plaintiff to her proofs that there has been an increase in traffic on all three unnamed State Highways and also increase safety of commuters on those highways.

18.   Defendants deny the allegations in Paragraph 18 of the Amended Complaint since approval has been sought from the Commissioner of the Department of Transportation in accordance with N.J.S.A. 39:4-8a with respect to Ordinance 2018-15 and no approval is required with respect to Ordinance 2018-14, as amended by Ordinance 2018-17 on October 15, 2018.

19.   Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Amended Complaint and leave Plaintiff to her proofs that the Ordinance places an increased burden on surrounding municipalities, including Fort Lee, Teaneck and Edgewater.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14, Ordinance No. 2018-15 and Ordinance No. 2018-16 are void, nor is Plaintiff entitled to attorney fees, interest, costs of suit or any other relief as prayed for in the Second Count of the Amended Complaint.

## THIRD COUNT

21.     Defendants repeat and reiterate their responses to Paragraphs 1 through 20 above, as if set forth at length herein.

22.     Paragraph 22 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent an answer is required, Defendants respond that N.J.S.A. 39:4-197 speaks for itself.

23.     Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 and Ordinance No. 2018-15 are void, nor is Plaintiff entitled to attorney fees, interest, costs of suit or any other relief as prayed for in the Third Count of the Amended Complaint.

## **FOURTH COUNT**

24. Defendants repeat and reiterate their responses to Paragraphs 1 through 23 above, as if set forth at length herein.

25. Paragraph 25 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent an answer is required, Defendants respond that N.J.S.A. 39:4-197.2 speaks for itself.

26. Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Amended Complaint since N.J.S.A. 39:4-197.2 speaks for itself and in accordance with said statute consent of the Board of Chosen Freeholders of the County of Bergen is not required.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-16 is void, nor is Plaintiff entitled to attorney fees, interest, costs of suit or any other relief as prayed for in the Fourth Count of the Amended Complaint.

## FIFTH COUNT

30. Defendants repeat and reiterate their responses to Paragraphs 1 through 29 above, as if set forth at length herein.

31. Defendants admit that Ordinance 2018-16 establishes penalties for violations of Ordinances No. 2018-14 and 15.

32. Paragraph 32 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent an answer is required, Defendants respond that N.J.S.A. 39:4-94.2 is not applicable to Ordinance No. 2018-14 or Ordinance No. 2018-15, which do not close any streets but merely control access to certain streets during certain hours.

33. Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-16 is void, nor is Plaintiff entitled to attorney fees, interest, costs of suit or any other relief as prayed for in the Fifth Count of the Amended Complaint.

## SIXTH COUNT

34. Defendants repeat and reiterate their responses to Paragraphs 1 through 33 above, as if set forth at length herein.

35. Paragraph 32 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent an answer is required, Defendant

denies the legal contention set forth in Paragraph 32 of the Amended Complaint.

36.   Defendants deny the allegations in Paragraph 36 of the Complaint

37.   Paragraph 37 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent a response is required, Defendant denies the legal contention set forth in Paragraph 37 of the Amended Complaint.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 and Ordinance No. 2018-15 are void, nor is Plaintiff entitled to interest, costs of suit or any other relief as prayed for in the Sixth Count of the Amended Complaint.

## SEVENTH COUNT

38.   Defendants repeat and reiterate their responses to Paragraphs 1 through 37 above, as if set forth at length herein.

39.   Paragraph 38 does not contain any factual allegations but asserts a legal conclusion only, and therefore Defendants are under no obligation to admit or deny same.  To the extent an answer is required, Defendant denies the legal contention set forth in Paragraph 38 of the Amended Complaint.

40.   Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41.   Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

**Wherefore**, Plaintiff is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 and Ordinance No. 2018-15 are void, nor is Plaintiff entitled to interest, costs of suit or any other relief as prayed for in the Seventh Count of the Amended Complaint.

<u>**FIRST SEPARATE DEFENSE**</u>

Plaintiff's causes of actions, or some of them, fail to state a claim upon which relief may be granted.

<u>**SECOND SEPARATE DEFENSE**</u>

Plaintiff's causes of actions, or some of them, are barred by the conduct of Plaintiff, which conduct constitutes waiver, estoppel, unclean hands, and res judicata.

<u>**THIRD SEPARATE DEFENSE**</u>

Plaintiff's causes of action, or some of them, are barred by the statute of limitations; and/or laches.

<u>**FOURTH SEPARATE DEFENSE**</u>

Defendants assert herein all defenses available to him under the Civil Rights Act of 1871 for Plaintiff's federal causes of action.

<u>**FIFTH SEPARATE DEFENSE**</u>

By filing a Section 1983 claim Plaintiff may have waived her ability to make the other claims as contained in the remaining Counts of the Amended Complaint.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims against the Borough of Leonia pursuant to 42 U.S.C. §1983 must fail as a matter of law since Plaintiff cannot prove a constitutional deprivation resulting from an official custom or policy, or deliberate indifference to any widespread practice so as to have the force of law. Monell v. Dept. of Social Services, 436 U.S. 658, 691-94 (1978).

**SEVENTH SEPARATE DEFENSE**

Plaintiff cannot prove that the actions and conduct of Defendants "shocked the conscience" as required to sustain her claim for a deprivation of the right to travel and for the alleged violation of the dormant Commerce Clause. County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); and Rivkin v. Dover Tp. Rent Leveling Board, 143 N.J. 352, 358 (1996).

**EIGHTH SEPARATE DEFENSE**

Defendants did not violate clearly established statutory or constitutional rights of Plaintiff to travel or to interstate travel as protected by the United States Constitution, nor did they direct anyone else to commit such violations, nor actually knew of any violations, nor did they acquiesce in them as is required to hold these public entity defendants liable. Baker v. Monroe Township, 50 F.3d 1186, 1194 & n.5 (3d Cir. 1995).

**NINTH SEPARATE DEFENSE**

The Mayor and Council for the Borough of Leonia are entitled to absolute immunity for their legislative acts pursuant to Bogan v. Scott Harris, 523 U.S.

42, 49 (1988), to enact Ordinances for the purpose of regulating traffic within Leonia's borders.

### TENTH SEPARATE DEFENSE

Defendants' actions at all times was "objectively" reasonable in light of the facts and circumstances confronting them thereby entitling them to qualified or good faith immunity provided by Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994).

The individual Defendants are entitled to qualified and/or good faith immunity from suit since they acted at all times in good faith and in an objectively reasonable manner, and without fraud, malice, or discriminatory animus.

### TWELFTH SEPARATE DEFENSE

Plaintiff's 1983 official capacity suit seeking monetary relief against Defendant Thomas Rowe and Mayor Zeigler is barred under the holding of Hafer v. Melo, 502 U.S. 21, 27 (1991); and Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

### THIRTEENTH SEPARATE DEFENSE

Defendants are immune from liability for their discretionary acts, pursuant to the qualified immunity provided by Anderson v. Creighton, 483 U.S. 635, 638 (1987) (citations omitted); and they are further immune from liability for their good faith belief that their conduct was lawful.  Good v. Pumpkin County, 891 F.2d. 1087, 1092 (3rd Cir. 1989).

### FOURTEENTH SEPARATE DEFENSE

Defendants Thomas Rowe and Judah Zeigler are entitled to absolute immunity for carrying out administrative tasks and for their discretionary activities, pursuant to the holding in Baraka v. McGreevey, 481 F.3d 187, 199 (3d Cir. 2007).

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's common law claims are barred by the limitations, exceptions and immunities contained within the New Jersey Tort Claims Act, N.J.S.A. §59:1-1 to §59:12-13 inclusive as if each section, provision, defense and immunity were listed herein separately, particularly, and at length. et seq., including but not limited to N.J.S.A. §59:3-2, N.J.S.A. §59:3-3, N.J.S.A. §59:3-4, N.J.S.A. §59:3-8, N.J.S.A. §59:3-10, and N.J.S.A. §59:5-2.

### SIXTEENTH SEPARATE DEFENSE

Any recovery to which Plaintiff may be entitled against Defendants as to the state law claims are subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2; N.J.S.A. 59:2-10; and N.J.S.A. 59:9-6.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff lacks standing to challenge Leonia's Ordinances to make the claims in the Amended Complaint.

### EIGHTEENTH SEPARATE DEFENSE

The Borough's prescribed penalty for violating ordinances 2018-14 and 2018-15 is in accordance with state law.

## NINETEENTH SEPARATE DEFENSE

No punitive damages may be awarded against Defendant Borough of Leonia or as it is a public entity or the individual defendants since their actions were never willful, wanton, evil-minded, or malicious.

## TWENTIETH SEPARATE DEFENSE

Since Plaintiff cannot prove to be the prevailing party as to any purported violation of either federal or state statutory law, Plaintiff is not entitled to an award of attorney's fees as to the civil rights claims made in the Complaint and Defendants are entitled to an award of attorney's fees for all legal services rendered on his behalf from the inception of this lawsuit. Christianburg Garment v. E.E.O.C., 98 S.Ct. 694 (1978).

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's federal and state law claims are a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification, or reversal of existing law, such that the Defendants are entitled to sanctions as permitted and authorized pursuant to the Court Rules and any applicable statutes.

## WHEREFORE CLAUSE

Wherefore, in accordance with each of the above defenses, Defendants demand judgment against Plaintiff as follows:

a. Dismissing Plaintiff's Amended Complaint with prejudice;

b. Denying Plaintiff's request for declaratory and injunctive relief;

c.  For costs of suit and attorney's fees; and

d.  For such other relief as the Court deems just and equitable.


## **JURY DEMAND**

Please take notice that demand is hereby made for Trial by Jury as to all

issues so triable herein.


**GITTLEMAN MUHLSTOCK & CHEWCASKIE**
Brian M. Chewcaskie, Esq.
2200 Fletcher Avenue
Fort Lee, New Jersey 07024
Telephone: (201)944-2300

**CLEARY, GIACOBBE, ALFIERI, JACOBS, LLC**
169 Ramapo Valley Road
Upper Level – Suite 105
Oakland, New Jersey 07436
Telephone: (973)845-6700

_Ruby Kumar-Thompson, Esq._
Ruby Kumar-Thompson, Esq.
Attorneys for the Defendants


Dated:   November 2, 2018

## **DEMAND FOR STATEMENT OF DAMAGES**

Defendants hereby demand pursuant to L.Civ.Rule 8.1, that Plaintiff furnish, within the next fourteen (14) days, a statement of the amount of the damages (liquidated or unliquidated) claimed as to each Count of the Complaint.


**GITTLEMAN MUHLSTOCK & CHEWCASKIE**
Brian M. Chewcaskie, Esq.
2200 Fletcher Avenue
Fort Lee, New Jersey 07024
Telephone: (201)944-2300

**CLEARY, GIACOBBE, ALFIERI, JACOBS, LLC**
169 Ramapo Valley Road
Upper Level – Suite 105
Oakland, New Jersey 07436
Telephone: (973)845-6700

*Ruby Kumar-Thompson, Esq.*
Ruby Kumar-Thompson, Esq.
Attorneys for the Defendants


Dated:   November 2, 2018

**ELECTRONICALLY FILED IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE ROSA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BOROUGH OF LEONIA, BOROUGH OF LEONIA COUNCIL, TOM ROWE in his capacity as acting Borough Clerk of the Borough of Leonia, JUDAH ZEIGLER, in his official capacity as Mayor of the Borough of Leonia, JOHN DOE MAINTENANCE COMPANIES 1-5,<br>　　　　　　　　Defendants. | Civil Action No. 2:18-cv-15534<br><br><br>REMOVED FROM SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY. DOCKET NO.: HUD-L-607-18 (Consolidated)<br><br><br>**ANSWER, SEPARATE DEFENSES AND JURY DEMAND TO PLAINTIF/INTERVENOR'S COMPLAINT** |
| STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION,<br><br>　　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>BOROUGH OF LEONIA, NEW JERSEY,<br>　　　　　　　　Defendant. | |

    Defendant, Borough of Leonia, by way of Answer to the Amended Complaint filed by the Department of Transportation for the State of New Jersey (hereinafter "DOT") on October 12, 2018 and through its attorneys, respond as follows:

**AS TO THE PARTIES**

1.　　Admitted.

2.　　Admitted.

3.　　Admitted.

4.      Admitted.

**AS TO THE DOT'S LEGAL AUTHORITY TO REGULATE TRAFFIC**

5.      Paragraph 5 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.   To the extent an Answer may be required, Defendant responds that the Transportation Act of 1966 "speaks for itself."

6.      Paragraph 6 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies same and responds that N.J.S.A. 27:1A-5 "speaks for itself."

7.      Paragraph 7 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies same and responds that N.J.S.A.39:4-8(a) "speaks for itself."

8.      Paragraph 8 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies same and responds that N.J.S.A. 39:4-8(b) and (c) "speaks for itself."

9.      Paragraph 9 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies that N.J.S.A. 39:4-197 contains any such limitations on the legal authority of a municipality to enact regulations for the passage of traffic.

10.    Paragraph 10 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant responds that N.J.S.A. 39:4-8 (a) "speaks for itself."

11.    Paragraph 11 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies same responds that N.J.S.A. 39:4-8 (a) and N.J.A.C. 16:27-2,1 "speaks for itself."

12.    Paragraph 12 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies same and leaves Plaintiff/Intervenor to its proofs.

13.    Paragraph 13 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer is required, Defendant denies same since DOT oversight over the manner in which a municipality may regulate traffic within its borders was removed by the Legislature in 2008.

14.    Paragraph 14 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer is required, Defendant responds that the 1955 Opinion of the Attorney General "speaks for itself,"

and is not applicable to the Ordinances that are the subject of this matter since the statutes relied upon by the Attorney General in said opinion were amended by the New Jersey Legislature in 2008 to remove DOT oversight from a municipality's ability to regulate passage of traffic within its borders.

15. Paragraph 15 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer may be required, Defendant denies same for the reasons expressed above in the response to Paragraph 13 and 14.

## AS TO LEONIA'S INVALID TRAFFIC ORDINANCES

16. It is denied that Leonia's traffic ordinances as adopted on September 17, 2018 are invalid since they were adopted pursuant to all applicable laws and in accordance with Judge Peter F. Bariso's decision rendered on August 30, 2018.   Furthermore, it is irrelevant what ordinances were adopted between December 4, 2018 and March 5, 2018 since those Ordinances were rendered unenforceable by the Superior Court of New Jersey on or about August 2018.

17. The relevant ordinances speak for themselves.

18. Admitted.

19. Defendants neither admit nor deny the allegations in Paragraph 19 of the Amended Complaint since Ordinance 2017-19 speaks for itself.

20.     Defendants neither admit nor deny the allegations in Paragraph 20 of the Amended Complaint since Ordinance 2017-19 speaks for itself.

21.     Admitted.

22.     Defendants neither admit nor deny the allegations in Paragraph 22 of the Amended Complaint since Ordinance 2018-2 speaks for itself

23.     Admitted.

24.     Defendants neither admit nor deny the allegations in Paragraph 24 of the Amended Complaint since Ordinance 2018-5 speaks for itself.

25.     Defendants deny that more than 75 roads were affected by any road closures contained within Ordinance 2018-5.

26.     Admitted.

27.     Defendants deny the characterization and allegations contained within Paragraph 27 of the Amended Complaint as it pertains to the Ordinances adopted on September 17, 2018.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint to the extent that Ordinance No. 2018-15 was submitted to the DOT for approval and since DOT approval is not required for Ordinance No. 2018-14.

29.     Defendants deny the allegations in Paragraph 29 since notice generally and individually was provided to adjoining municipalities of the Borough's intention to adopt Ordinance No. 2018-14 and No. 2018-15, including but not limited to the City of Englewood.

30.  Paragraph 30 is neither admitted nor denied since the published news reports referenced in Paragraph 30 Amended Complaint "speak for themselves."

31.  Paragraph 31 is neither admitted nor denied since the published news reports and Leonia's website referenced in Paragraph 31 Amended Complaint "speak for themselves."

32.  Paragraph 32 is neither admitted nor denied since the published news reports referenced in Paragraph 32 of the Amended Complaint "speak for themselves."

33.  Paragraph 32 is neither admitted nor denied since the published news report referenced in Paragraph 33 Amended Complaint "speak for themselves."

34.  Paragraph 34 is neither admitted nor denied since the published news reports referenced in Paragraph 34 of the Amended Complaint "speak for themselves."

35.  Paragraph 35 is neither admitted nor denied since the published news reports referenced in Paragraph 30 of the Amended Complaint "speak for themselves."

36.  Defendants admit only that the March 16, 2018 letter referenced in Paragraph 36 of the Amended Complaint was received by them, and leave Plaintiff/Intervenor to their proofs with respect to the remaining allegations as the letter "speaks for itself."

37.   Defendants admit only that DOT staff and representatives of Leonia met on April 4, 2018.  Leonia received a one-page letter from the DOT on May 8, 2018.  Leonia immediately responded to that letter on Mary 10, 2018, and to date, has not received a response from the DOT as required by N.J.S.A. 39:4-8, nor to Leonia's knowledge has there ever been a finding by the DOT of any undue impact on a state highway that is necessary pursuant to N.J.S.A. 39:4-8a to decline to approve Leonia's Ordinances.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint.

## FIRST COUNT

39.   Defendants repeat and reiterate their responses to Paragraphs 1 through 38 above, as if set forth at length herein.

40.   Paragraph 40 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

41.   Defendant denies the legal contention in Paragraph 41 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

   **Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Leonia's Ordinances are void ab initio because of the traffic restrictions contained therein, nor is

Plaintiff/Intervenor entitled to attorney fees, and costs of suit or any other relief prayed for in the First Count of the Amended Complaint.

## **SECOND COUNT**

42.   Defendants repeat and reiterate their responses to Paragraphs 1 through 41 above, as if set forth at length herein.

43.   Paragraph 43 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.   To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

44.   Defendant denies the legal contention in Paragraph 44 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Leonia's Ordinances are null and void because of the traffic restrictions contained therein based upon residency, nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Second Count of the Amended Complaint.

## **THIRD COUNT**

45.   Defendants repeat and reiterate their responses to Paragraphs 1 through 44 above, as if set forth at length herein.

46.   Paragraph 46 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to

admit or deny same.   To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

47.   Defendant denies the legal contention in Paragraph 47 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Leonia's Ordinances are null and void because they allegedly create an impact on a state highway nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Third Count of the Amended Complaint.

## **FOURTH COUNT**

48.   Defendants repeat and reiterate their responses to Paragraphs 1 through 47 above, as if set forth at length herein.

49.   Paragraph 49 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.   To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

50.   Defendant denies the legal contention in Paragraph 50 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Leonia's Ordinances are null and void because of they allegedly create an impact on one or more adjoining municipalities; nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Fourth Count of the Amended Complaint.

## FIFTH COUNT

51. Defendants repeat and reiterate their responses to Paragraphs 1 through 50 above, as if set forth at length herein.

52. Defendant denies the allegations and/or legal contention in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations/legal contention and request for an injunction against enforcement of any ordinances at issue as contained in Paragraph 52 of the Amended Complaint as that request is premature, inappropriate, and moreover, moot.

54. Defendant denies the allegations/legal contention in Paragraph 54 and leaves Plaintiff/Intervenor to its proofs as to whether the DOT's claim for relief is based on an allegedly established right.

55. Defendant denies the allegations and request for an injunction to issue against Leonia for enforcement of its ordinances at issue in this case as that request is premature, inappropriate, and moreover, moot.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to an injunction restraining Leonia from further enforcement of any Ordinances at

issue in this matter, nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Fifth Count of the Amended Complaint.

## SIXTH COUNT

56.   Defendant repeats and reiterates its responses to Paragraphs 1 through 55 above, as if set forth at length herein.

57.   Paragraph 57 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

58.   Defendant denies the legal contention in Paragraph 58 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 and Ordinance No. 2018-15 are null and void because Leonia allegedly does not have the authority pursuant to a 1955 opinion of the Attorney General to create "no through streets."

## SEVENTH COUNT

59.   Defendants repeat and reiterate their responses to Paragraphs 1 through 58 above, as if set forth at length herein.

60.   Paragraph 60 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to

admit or deny same.  To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

61.  Defendant denies the legal contention in Paragraph 61 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 and Ordinance No. 2018-15 are null and void because of they allegedly regulate traffic based on a residency classification; nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Seventh Count of the Amended Complaint.

## EIGHTH COUNT

62.  Defendants repeat and reiterate their responses to Paragraphs 1 through 61 above, as if set forth at length herein.

63.  Paragraph 63 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.  To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

64.  Defendant denies the legal contention in Paragraph 92 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 is null and void because of they allegedly create an impact on a State Highway (state route 93); nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Eighth Count of the Amended Complaint.

## NINTH COUNT

65.   Defendants repeat and reiterate their responses to Paragraphs 1 through 47 above, as if set forth at length herein.

66.   Paragraph 66 does not contain any factual allegations but consists solely of a legal conclusion, and therefore Defendant is under no obligation to admit or deny same.   To the extent an Answer is required, Defendant responds that the Declaratory Judgement Act, N.J.S.A. 2A:16-50 speaks for itself.

67.   Defendant denies the legal contention in Paragraph 67 and leaves Plaintiff/Intervenor to its proofs as to whether there is a justiciable case or controversy and/or the DOT has an interest in this suit.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to any judgment against Defendants for a declaration that Ordinance No. 2018-14 and Ordinance No. 2018-15 are null and void because of they allegedly create an impact on one or more adjoining municipalities; nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Ninth Count of the Amended Complaint.

## TENTH COUNT

68.     Defendants repeat and reiterate their responses to Paragraphs 1 through 67 above, as if set forth at length herein.

69.     Defendant denies the allegations and/or legal contention in Paragraph 69 of the Amended Complaint.

70.     Defendant denies that Ordinance No. 2018-14 or Ordinance No. 2018-15 are legally invalid and denies the request for an injunction against enforcement of these ordinances as contained in Paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations/legal contention in Paragraph 71 and leaves Plaintiff/Intervenor to its proofs as to whether the DOT's claim for relief is based on an allegedly established right.

72.     Defendant denies the allegations and request for an injunction to issue against Leonia for enforcement of Ordinance No. 2018-14 and Ordinance No. 2018-15.

**Wherefore**, Defendant responds that Plaintiff/Intervenor is not entitled to an injunction restraining Leonia from further enforcement of Ordinance No. 2018-14 or 2018-15; nor is Plaintiff/Intervenor entitled to attorney fees and costs of suit or any other relief prayed for in the Tenth Count of the Amended Complaint.

## FIRST SEPARATE DEFENSE

Plaintiff/Intervenor lacks standing to assert the claims contained in the Complaint

## SECOND SEPARATE DEFENSE

Plaintiff/Intervenor's causes of actions, or some of them, fail to state a claim upon which relief may be granted.

## THIRD SEPARATE DEFENSE

Plaintiff/Intervenor's causes of actions, or some of them, are barred by the conduct of Plaintiff/Intervenor, which conduct constitutes waiver, estoppel, unclean hands, and res judicata.

## FOURTH SEPARATE DEFENSE

Plaintiff/Intervenor's cause of action seeking declaratory relief and an injunction against Leonia is without legal authority from the New Jersey State Legislature.

## FIFTH SEPARATE DEFENSE

Plaintiff/Intervenor has not been deprived of any right, privilege, or immunity secured to them by the Constitution and laws of the State of New Jersey since Title 39 was amended in 2008 to divest the Department of Transportation of its' oversight of local government entities' traffic engineering decisions, including but not limited to those matters that previously required Commissioner approval pursuant to N.J.S.A. 39:4-197.

## SIXTH SEPARATE DEFENSE

Plaintiff/Intervenor's causes of action, or some of them are mooted by the Decision of the Superior Court granting the DOT summary judgment on August 30, 2018.

## SEVENTH SEPARATE DEFENSE

The conduct of Defendants was reasonable, proper, and within the scope of the authority as granted to them by the New Jersey State Legislature.

## EIGHTH SEPARATE DEFENSE

Defendants are governmental entities and officials who were acting pursuant to the lawful authority granted to them by the State of New Jersey for the health, welfare and safety of the residents of Leonia.  All acts so performed were the result of the appropriate exercise of Defendants' police power and discretion.

## NINTH SEPARATE DEFENSE

Defendants are entitled to immunity from liability since at all times they acted in good faith, and without malice or discriminatory intent.

## TENTH SEPARATE DEFENSE

Defendants did not violate any provision of Title 39 when acting to implement and enforce controls on traffic through the adoption of Ordinances 2017-19, 2018-5, 2018-14 and 2018-15, nor did they direct anyone else to commit such violations, nor actually knew of any violations, nor did they acquiesce in them as is required to hold these public entity defendants liable.

## ELEVENTH SEPARATE DEFENSE

Plaintiff/Intervenor's state law claims are barred by the limitations, exceptions and immunities contained within the New Jersey Tort Claims Act, N.J.S.A. §59:1-1 to §59:12-13 inclusive as if each section, provision, defense and immunity were listed herein separately, particularly, and at length. et seq.,

including but not limited to N.J.S.A. §59:3-2, N.J.S.A. §59:3-3, N.J.S.A. §59:3-4, N.J.S.A. §59:3-8, N.J.S.A. §59:3-10, and N.J.S.A. §59:5-2.

### TWELTH SEPARATE DEFENSE

Any actions taken by Defendants were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2 and accordingly no liability may be imposed upon Defendants.

### THIRTEENTH SEPARATE DEFENSE

Since Plaintiff/Intervenor cannot prove to be the prevailing party as to any purported violation of either federal or state statutory law, Plaintiff/Intervenor is not entitled to an award of attorney's fees as to the claims made in the Complaint and Defendants are entitled to an award of attorney's fees for all legal services rendered on his behalf from the inception of this lawsuit. Christianburg Garment v. E.E.O.C., 98 S.Ct. 694 (1978).

### FOURTEENTH SEPARATE DEFENSE

Plaintiff/Intervenor's state law claims are a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification, or reversal of existing law, such that the Defendants are entitled to sanctions as permitted and authorized pursuant to the Court Rules and any applicable statutes.

### WHEREFORE CLAUSE

Wherefore, in accordance with each of the above defenses, Defendants demand judgment against Plaintiff/Intervenor as follows:

a. Dismissing Plaintiff/Intervenor's Amended Complaint with prejudice;

b. Denying with prejudice any injunctive relief enjoining Leonia from enforcing Ordinance No. 2018-14 and 2018-15;

c. Denying with prejudice any injunctive relief requiring Leonia to refrain from using signage, use of police personnel to notify motorists about the Ordinances at issue, and the issuance of summonses;

d. Declaring that Ordinances 2018-14 and 2018-15, which superseded and have replaced Ordinances 2017-19 and 2018-5, have not violated Title 39;

e. Declaring that Leonia had authority pursuant to N.J.S.A. 39:4-197 to enact an Ordinance "regulating the passage or stopping of traffic at certain congested street corners and designated points…" without the Department of Transportation's approval;

f. Declaring that the Attorney General's 1955 Opinion is of no force and effect since N.J.S.A. 39:4-8, 39:4-197 and 39:4-202 were amended in 2008 to remove Department of Transportation approval for municipal traffic engineering decisions;

g. Declaring that Leonia's traffic regulation on the basis of residency and destination point within the Borough does not violate any state or federal law;

h. Declaring that there is no impact on a state highway that would serve as justification by the Department of Transportation to withhold approval of Ordinance No. 2018-15;

i.   Declaring that the notice provided by Leonia to adjoining municipalities prior to adoption of Ordinance 2018-14 and 2018-15 was adequate and met the spirit and intent of the N.J.S.A. 39:4-8a;

j.   For reimbursement of Leonia's attorney fees and costs; and

k.   For such other relief as the Court deems just and equitable.

## JURY DEMAND

Please take notice that demand is hereby made for Trial by Jury as to all issues so triable herein.

**GITTLEMAN MUHLSTOCK & CHEWCASKIE**
Brian M. Chewcaskie, Esq.
2200 Fletcher Avenue
Fort Lee, New Jersey 07024
Telephone: (201)944-2300

**CLEARY, GIACOBBE, ALFIERI, JACOBS, LLC**
169 Ramapo Valley Road
Upper Level – Suite 105
Oakland, New Jersey 07436
Telephone: (973)845-6700

*Ruby Kumar-Thompson, Esq.*
Ruby Kumar-Thompson, Esq.
Attorneys for the Defendants

Dated:   November 2, 2018