UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| JACQUELINE ROSA, | : | HONORABLE ESTHER SALAS, U.S.D.J. |
| Plaintiff, | : | Civil Action No.: 2:18-cv-15534 |
| v. | : | REMOVED FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, HUDSON COUNTY |
| BOROUGH OF LEONIA, ET AL., | : | |
| Defendants. | : | DOCKET NO.: HUD-L-607-18 (CONSOLIDATED) |

_____

| | | |
|---|---|---|
| STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION, | : | ***Motion Return Date: December 17, 2018*** |
| | : | |
| Plaintiff-Intervenor, | : | |
| v. | : | |
| BOROUGH OF LEONIA, NEW JERSEY, | : | |
| Defendant. | : | |

_____

_____

**BRIEF IN SUPPORT OF THE STATE OF NEW JERSEY DEPARTMENT
OF TRANSPORTATION'S MOTION TO REMAND**

_____

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
By:  Philip J. Espinosa
     Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 114
Trenton, New Jersey 08625
(609) 376-3300
Attorney for the State of New Jersey
Department of Transportation

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . .  1

FACTUAL AND PROCEDURAL BACKGROUND. . . . . . . . . . . . .  3

ARGUMENT

    I.    THIS COURT LACKS JURISDICTION BECAUSE THE TIME
        FOR THE REMOVAL OF THIS CASE HAS LONG SINCE
        EXPIRED. . . . . . . . . . . . . . . . . . . . . 18

    II.  THIS COURT SHOULD DECLINE TO EXERCISE ITS
        SUPPLEMENTAL JURISDICTION REGARDING THE
        NJDOT'S CLAIMS. . . . . . . . . . . . . . . . . . 24

        A.    *The claims raise a novel issue under
               state law regarding Leonia's legally
               invalid no through street ordinances.* . . . . 26

        B.    *The claims raise a novel issue
               under state law regarding
               Leonia's legally invalid no
               through street ordinances.* . . . . . . . . . 26

        C.    *Based on the compelling reasons
               presented, this court should decline
               to exercise its supplemental
               jurisdiction regarding the NJDOT's
               claims.* . . . . . . . . . . . . . . . . . . . 27

    III. THIS COURT SHOULD DECLINE TO EXERCISE
        ITS SUPPLEMENTAL JURISDICTION REGARDING
        THE NJDOT'S CLAIMS PURSUANT TO THE
        <u>YOUNGER</u> ABSTENTION DOCTRINE. . . . . . . . . . . 30

    IV.  THIS COURT SHOULD DECLINE TO EXERCISE
        ITS SUPPLEMENTAL JURISDICTION REGARDING

THE NJDOT'S CLAIMS PURSUANT TO THE
<u>ROOKER-FELDMAN</u> DOCTRINE. . . . . . . . . . . . . 36


CONCLUSION. . . . . . . . . . . . . . . . . . . . . . 40

**TABLE OF AUTHORITIES**

**Cases**                                                          **Page(s)**

Abels v. State Farm Fire & Cas. Co., 770 F.2d 26
     (3d Cir. 1985). . . . . . . . . . . . . . . . . . . 17, 18

Acra Turf Club, LLC v. Zanzuccki, 748 F.3d 127
     (3d Cir. 2014). . . . . . . . . . . . . . . . . . . . 30

A.S. ex rel. Miller v. SmithKline Beecham Corp.,
     769 F.3d 204 (3d Cir. 2014). . . . . . . . . . . 17, 18

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
     108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). . . . . . . . 24

City of Chicago v. Int'l College of Surgeons,
     522 U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d
     525 (1997). . . . . . . . . . . . . . . . . . . . . 24

District of Columbia Court of Appeals v. Feldman,
     460 U.S. 462, 75 L.Ed. 2d 206,
     103 S. Ct. 1303 (1983). . . . . . . . . . . . . . . 35

Fenza's Auto, Inc. v. Montagnaro's, Inc.,
     No. 10-3336, 2011 U.S. Dist. LEXIS 29696
     (D.N.J. Mar. 21, 2011). . . . . . . . . . . . . . . 20

Frederico v. Home Depot, 507 F.3d 188
     (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . 18

Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct.
     1200, 43 L. Ed. 482 (1975)). . . . . . . . . . . . . 30

ITT Corporation v. Intelnet International
     Corporation, 366 F.3d 205 (3d Cir. 2004). . . . . . . 35

Jinks v. Richland County, 538 U.S. 456
     123 S. Ct. 1667, 155 L. Ed. 2d 631 (2003). . . . . . 24

Marran v. Marran, 376 F.3d 143 (3d Cir. 2004). . . . . . 35, 36

Middlesex County Ethics Comm. v. Garden State
    Bar Ass'n, 457 U.S. 423, 102 S. Ct. 2515,
    73 L. Ed. 2d 116 (1982). . . . . . . . . . . . . . 30, 31

Patetta v. Wells Fargo Bank, NA, 2010 U.S.
    Dist. LEXIS 472333 (D.N.J. May 12, 2010). . . . . . . . 36

Pullman Company v. Jenkins, 305 U.S. 534,
    83 L. Ed. 334, 59 S. Ct. 347 (1939). . . . . . . . . . 17

Rooker v. Fidelity Trust Co., 263 U.S. 413,
    68 L.Ed. 363, 44 S. Ct. 149 (1923). . . . . . . . . . 35

Rosa v. Borough of Leonia, et al.,
    Docket No. HUD-L-607-18, 2018 N.J. Super.
    Unpub. LEXIS 2265 (Law Div. October
    12, 2018). . . . . . . . . . . . . . . . . . . 15, 27, 38

Sprint Communications v. Jacobs, 571 U.S. 69,
    187 L. Ed. 2d 505, 134 S. Ct. 584 (2013). . . . . . 29-31

Wells Fargo Bank NA v. Carr, 2018 U.S. Dist.
    LEXIS 80842 (D.N.J. May 14, 2008). . . . . . . . . . . 36

Younger v. Harris, 401 U.S. 37, 27 L. Ed. 669,
    91 S. Ct. 746 (1971). . . . . . . . . . . . . . . . . 29

**Statutes**

28 U.S.C. § 1367. . . . . . . . . . . . . 2, 23, 25-28, 34, 39

28 U.S.C. § 1441. . . . . . . . . . . . . . . . . . . 17, 18

28 U.S.C. § 1446. . . . . . . . . . . . . . . . . . 2, 18-22

28 U.S.C. § 1447. . . . . . . . . . . . . . . . . . . . . 18

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . 7, 20

N.J.S.A. 27:1A-2. . . . . . . . . . . . . . . . . . . . . 31

N.J.S.A. 39:4-8. . . . . . . . . . . . . . 11, 16, 27, 31, 38

N.J.S.A. 40A:60-1 to -8.1. . . . . . . . . . . . . . . . 3

N.J.S.A. 40A:60-2. . . . . . . . . . . . . . . . . . . . 3

**Regulations**

N.J.A.C. 16:27-2.1. . . . . . . . . . . . . . . . . . 6, 7

**Formal Attorney General Opinions**

Formal Opinion No. 5, N.J. Attorney General (1955). . . . . . 8

**Municipal Codes and Ordinances**

Leonia, N.J., Code & Ordinances, § 49-1. . . . . . . . . . . 3

Leonia Municipal Code § 194-25.1. . . . . . . . . . 4, 5, 7, 9

Leonia Municipal Code § 194-25.2. . . . . . . . . . . 5, 7, 9

Leonia Municipal Code § 194-49. . . . . . . . . 4, 5, 11, 12

Leonia Ordinance No. 2017-19. . . . . . . . . . . . . . 4, 6

Leonia Ordinance No. 2018-2. . . . . . . . . . . . . 4-6, 11

Leonia Ordinance No. 2018-5. . . . . . . . . . 5-7, 9, 11, 37

Leonia Ordinance No. 2018-14. . . . . . . . . 11, 12, 16, 37

Leonia Ordinance No. 2018-15. . . . . . . . . 11-13, 16, 37

Leonia Ordinance No. 2018-17. . . . . . . . . . . . . 15, 16

**PRELIMINARY STATEMENT**

This case arose from the adoption of legally invalid traffic ordinances by the Borough of Leonia, New Jersey ("Leonia"). Leonia's ordinances established no through streets for most of Leonia's streets during nine hours each day, except for Leonia residents, persons traveling to a Leonia residence, or persons travelling to or from a Leonia destination. As a result, the New Jersey Department of Transportation ("NJDOT") intervened in a state court action filed by a private citizen, Jacqueline Rosa ("Ms. Rosa"), seeking a court order declaring that Leonia's ordinances at issue were legally invalid under state law and restraining Leonia from enforcing those ordinances. Before the NJDOT's intervention, Ms. Rosa had filed an amended complaint, which included both claims under both state and federal law. The NJDOT has asserted only claims under state law.

The state court in August 2018 granted the NJDOT's motion for summary judgment based on the applicable state law, declared the ordinances legally invalid, and restrained Leonia from enforcing those ordinances. Despite this, Leonia then adopted new ordinances, which essentially bifurcated the provisions of the old ordinances and disregarded that Leonia

-1-

lacked legal authority to adopt such no through street ordinances. After the state court denied Leonia's motion for reconsideration or for a stay of the court's order for summary judgment in favor of the NJDOT, and granted the NJDOT's and Ms. Rosa's motions to amend their complaints with claims regarding the new ordinances, the City of Englewood ("Englewood") moved to intervene as a plaintiff to oppose Leonia's new ordinances. Only at that point, more than seven months after Leonia had filed its answer to Ms. Rosa's first amended complaint in the state court, Leonia filed a notice of removal to this court. Leonia's untimely removal of this case from the state court has delayed the resolution of this case, unnecessarily imposed additional attorney fees and costs on the NJDOT, and wasted judicial resources.

The NJDOT respectfully submits that this court lacks jurisdiction because the time for the removal of this case has long since expired, pursuant to 28 U.S.C. § 1446(b)(3). Moreover, this court in its discretion should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c), the Younger abstention doctrine, and the Rooker-Feldman doctrine.

-2-

## FACTUAL AND PROCEDURAL BACKGROUND

Leonia is incorporated under the borough form of government. N.J.S.A. 40A:60-1 to -8.1. The governing body of Leonia consists of a mayor and six council members, all of whom are elected at-large. N.J.S.A. 40A:60-2. The borough is comprised of multiple departments, including a police department. Leonia, N.J., Code & Ordinances, § 49-1.

Leonia is located within close proximity to the George Washington Bridge and to several state and county highways, including but not limited to, the New Jersey Turnpike, and State Routes 4, 46 and 80. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 3, paragraph 5.) In addition, a portion of State Route 93, also known as Grand Avenue, is located within the municipal boundaries of Leonia. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 3, paragraph 6.) Leonia is also adjacent to several other municipalities within Bergen County, including Fort Lee, Englewood, Ridgefield Park, Palisades Park, and Teaneck. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 3, paragraph 7.) A portion of Bergen County Route 56 III (3), also known as Degraw Avenue and Fort Lee Road, is located within Leonia. (NJDOT Ex.

-3-

A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 3, paragraph 8.)

On or about December 4, 2017, the Mayor and Council of Leonia adopted Ordinance No. 2017-19, which amended and supplemented Chapter 194 of Leonia's Municipal Code and added two new provisions, Sections 194-25.1 and 194-49. (NJDOT Ex. B.) Section 194-25.1 of Leonia's Municipal Code, identified as Ordinance No. 2017-19, provides:

> Closing of Certain Streets. No person shall operate a vehicle on those streets or parts of streets as described in Schedule XVIII (§ 194-49) attached to and made a part of this Chapter during the times of the days indicated in said Schedule unless that person is a resident of the said street needing access to his home or can demonstrate or document a need to access a residence on the street or parts of streets as described.

[NJDOT Ex. B.]

Section 194-49 of Leonia's Municipal Code, identified as Ordinance No. 2017-19, provides a list of travel restrictions and road closures affecting approximately 70 roads and intersections during the hours of 6:00 a.m. to 10:00 a.m. and 4:00 p.m. to 9:00 p.m. (NJDOT Ex. B.)

On or about January 17, 2018, the Mayor and Council of Leonia adopted Ordinance No. 2018-2, which amended and

-4-

supplemented Chapter 194 of Leonia's Municipal Code, and added a new provision, Section 194-25.2.  Section 194-25.2 of Leonia's Municipal Code, identified as Ordinance No. 2018-2, provides for a $200 penalty for any person convicted of violating Section 194-25.1 "or imprisonment for a term of not exceeding 15 days, or both."  (NJDOT Ex. C.)

On or about March 5, 2018, Leonia adopted Ordinance No. 2018-5, which amended Sections 194-25.1 and 194-149 of Leonia's Municipal Code. (NJDOT Ex. D.)  Section 194-25.1 of Leonia's Municipal Code, as amended in its entirety by Ordinance No. 2018-5, provides:

> Closing of Certain Streets. No person shall operate a vehicle on those streets or parts of streets as described in Schedule XVIII (§ 194-49) attached to and made part of Chapter 194 during the times of the days indicated in said Schedule unless that person (a) Is a resident of said street needing access to his home or can demonstrate a documented need to access a residence on the street or parts of streets as described; or (b) Is traveling to and/or from a Leonia destination.

[NJDOT Ex. D.]

Section 194-49 of Leonia's Municipal Code, as amended by Ordinance No. 2018-5, provides an amended list of travel restrictions and road closures affecting more than 75 roads and

intersections during the hours of 6:00 a.m. to 10:00 a.m. and 4:00 p.m. to 9:00 p.m.  (NJDOT Ex. D.)

These traffic ordinances, Ordinance Nos. 2017-19, 2018-2 and 2018-5, are hereinafter collectively referred to as "the old ordinances."   (NJDOT Ex. B, C and D.)

By the old ordinances, Leonia prohibited through traffic from utilizing the streets included within the old ordinances during the applicable hours. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, pages, 2-3, paragraph 4.)  In other words, by the old ordinances, Leonia established "no through streets" regarding the streets listed therein.  (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page, 3, paragraph 4.)

In addition, the old ordinances had an impact on a State highway as defined by N.J.A.C. 16:27-2.1 because they (a) impacted a State highway at State Route 93 at the following intersections: Oakdene Avenue, Moore Avenue, Ames Avenue, Sylvan Avenue, Highwood Avenue, Park Avenue, Christie Street, Maple Street, Prospect Street, Palisade Avenue, Hillside Avenue, Cottage Place, Harrison Street, Christie Heights Street, Vreeland Avenue, Van Orden Avenue, Overlook Avenue, Longview Avenue and Lakeview Avenue; and (b) impacted traffic within 500

-6-

feet of State Route 93 because Leonia has installed signs on the aforementioned municipal streets adjacent to the state highway. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 4, paragraph 11.)  Although the old ordinances had an impact on a State highway, as defined by N.J.A.C. 16:27-2.1, Leonia did not submit the old ordinances to the NJDOT Commissioner for approval.  (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 5, paragraph 12.)

Before Leonia adopted Ordinance No. 2018-5, on January 30, 2018, Ms. Rosa filed a complaint in lieu of prerogative writs in the Superior Court of New Jersey, Law Division, Bergen County, against Leonia, the Leonia Council, Tom Rowe, and Judah Zeigler (collectively "the defendants").  (NJDOT Ex. E.)  Ms. Rosa's complaint challenged the amendments made to Leonia's Code, Sections 194-25.1 and 194-25.2.  (NJDOT Ex. E.)  On February 6, 2018, Ms. Rosa's complaint was transferred to the Superior Court of New Jersey, Law Division, Hudson County ("the state court").  (NJDOT Ex. F.)  On February 12, 2018, Ms. Rosa filed her first amended complaint pursuant to 42 U.S.C. § 1983, adding claims that the defendants had violated her civil rights based upon Leonia's adoption of the old ordinances and had

-7-

violated the Interstate Commerce Clause. (NJDOT Ex. G.) On February 28, 2018, the defendants filed an answer to Ms. Rosa's complaint. (NJDOT Ex. H.)

On March 16, 2018, the Attorney General's Office wrote to Leonia's Counsel explaining that the applicable Title 39 statutes, and Formal Opinion No. 5 (1955) of the New Jersey Attorney General rendered the ordinances invalid. Formal Opinion No. 5, N.J. Attorney General (1955). (NJDOT Ex. I.) The Attorney General's Office directed Leonia to "immediately refrain from enforcing the above referenced ordinances" and offered to facilitate a meeting between Leonia and NJDOT officials to discuss other, appropriate measures to address Leonia's traffic concerns. (NJDOT Ex. I.)

On March 27, 2018, the defendants filed an answer to Ms. Rosa's first amended complaint. (NJDOT Ex. XX.)

NJDOT traffic engineering staff met with Leonia officials on April 4, 2018 to discuss potential traffic control options. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 5, paragraph 13.) The NJDOT then proposed potential traffic control options for Leonia's consideration, as confirmed in the NJDOT's letter of May 8, 2018 (NJDOT Ex. A, Motion for Summary Judgment,

-8-

Certification of Mark A. Hiestand, page 5, paragraph 14; and NJDOT Exhibit J.)  Such potential traffic control options could require the consent of the NJDOT, the County of Bergen, and/or potentially adjacent municipalities, depending on which potential traffic control options Leonia would want to explore. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 5, paragraph 14.)  Such a determination could be reached by the NJDOT following an investigation by the NJDOT, and the NJDOT's determination of whether the potential traffic control options would be in the interest of safety and the expedition of traffic on the public highways, pursuant to Title 39 and the Manual on Uniform Traffic Control Devices.  (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 5, paragraph 14.)  However, the NJDOT did not receive requests from Leonia to act upon any of the potential options included in the NJDOT's letter of May 8, 2018.  (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 5, paragraph 15.)

On May 4, 2018, Ms. Rosa applied for an order to show cause, seeking a preliminary injunction against enforcement of Leonia Code Sections 194-25.1 and 194-25.2 as amended by Ordinance No. 2018-5. (NJDOT Ex. K.)  The court granted the

-9-

order to show cause on May 7, 2018. (NJDOT Ex. M.) The defendants on May 11, 2018 filed a reply brief and a response to the statement of undisputed material facts (NJDOT Ex. N and N-1.) Ms. Rosa filed a reply brief on Mary 14, 2018 (NJDOT Ex. O) and a supplemental reply brief on May 17, 2018 (NJDOT Ex. P). The court heard oral argument on May 25, 2018 and denied Ms. Rosa's application for a preliminary injunction. (NJDOT Ex. Q.)

On June 8, 2018, the court entered a consent order to allow the NJDOT to intervene. (NJDOT Ex. R.) On June 11, 2018, the NJDOT filed a complaint for declaratory judgment and action in lieu of prerogative writs. (NJDOT Ex. S.) On July 2, 2018, Leonia filed an answer to the NJDOT's complaint. (NJDOT Ex. T.)

On July 11, 2018, the NJDOT filed a motion for summary judgment (NJDOT Ex. A) and on July 16, 2018, Ms. Rosa filed for summary judgment (NJDOT Ex. U). The defendants opposed both motions and filed cross-motions, seeking the dismissal of the complaints based on the pleadings. (NJDOT Ex. V and W.) On August 24, 2018, the NJDOT filed opposition to Leonia's cross-motion (NJDOT Ex. YY) and on August 27, 2018, Ms. Rosa filed opposition to the defendants' cross-motion (NJDOT Ex. ZZ). On August 30, 2018, the Honorable Peter F. Bariso, Jr., A.J.S.C., heard oral argument regarding all three motions, denying the

-10-

defendants' cross-motions (NJDOT Ex. X and Y) and Ms. Rosa's motion (NJDOT Ex. Z). However, the court granted the NJDOT's motion, declaring Ordinances Nos. 2017-9, 2018-2, and 2018-5 null and void and legally invalid. (NJDOT Ex. AA.) The court stated its reasons on the record, indicating, among other things, that (1) the ordinances impacted Grand Avenue, a state road; and (2) thus, the ordinances were subject to N.J.S.A. 39:4-8(a), requiring approval by the NJDOT; and (3) the NJDOT did not approve the ordinances. (NJDOT Ex. BB, page 58, line 6 to page 70, line 23.)

After the state court's August 30, 2018 order granting summary judgment to the NJDOT, Leonia introduced two revised ordinances to regulate street closures. On September 17, 2018, adopted those ordinances, Nos. 2018-14 and 2018-15 (hereinafter "the new ordinances"). (NJDOT Ex. CC and DD.) Regarding the new ordinances, Ordinance No. 2018-14 provides that:

> No person shall operate a vehicle on those streets or parts of streets as described in Schedule XVIII (§ 194-49) attached to and made part of Chapter 194 during the times of the days indicated in said Schedule unless that person
>
> (a) Is a resident of said street needing access to his home or can demonstrate a documented need to access a

> residence on the street or parts of streets
> as described; or
>
> (b) Is traveling to and/or from a
> Leonia destination.

[NJDOT Ex. CC.]

Ordinance No. 2018-14 then restricts traffic on a long list of
streets or parts of streets to residents and Leonia destinations
only between the hours of 6:00 a.m. to 10:00 a.m. and 4:00 p.m.
to 9:00 p.m. (NJDOT Ex. CC.) Ordinance No. 2018-14 also
prohibits right and left turns on additional streets. (NJDOT
Ex. CC.)

Regarding the other of the new ordinances, Ordinance
No. 2018-15 provides that:

> No person shall operate a vehicle on
> those streets or parts of streets as
> described in Schedule XVIII (§ 194-49)
> attached to and made part of Chapter 194
> during the times of the days indicated in
> said Schedule unless that person
>
> (a) Is a resident of said street
> needing access to his home or can
> demonstrate a documented need to access a
> residence on the street or parts of streets
> as described; or
>
> (b) Is traveling to and/or from a
> Leonia destination.

[NJDOT Ex. DD.]

-12-

Ordinance No. 2018-15 then restricts traffic on a long list of streets or parts of streets to residents and Leonia destinations only between the hours of 6:00 a.m. to 10:00 a.m. and 4:00 p.m. to 9:00 p.m. (NJDOT Ex. DD.)

By adopting the new ordinances, Leonia appears to have essentially prohibited through traffic regarding most of Leonia's streets during the applicable hours, unless the motorist is a Leonia resident or is traveling to a residence, and to or from a Leonia destination. In other words, by the new ordinances, Leonia has established no through streets regarding the streets included within the new ordinances and the impacted persons.

In adopting these ordinances, Leonia's attorney indicated in a letter dated September 18, 2018:

> Based upon Judge Bariso's ruling, the Borough of Leonia determined to segregate the streets which would be subject to restricted access as set forth in the Ordinance. Ordinance 2018-15 addresses those streets which are adjacent to a State highway and will be submitted to the Commissioner of the Department of Transportation for review and approval in accordance with the applicable statute.

> [NJDOT Ex. EE.]

-13-

Therefore, the new ordinances are essentially a bifurcation of the old ordinances, dividing the listed streets into two subcategories: those that are adjacent to a State highway and those that are not.

In addition, on September 20, 2018, Leonia filed a motion for reconsideration or, in the alternative, for a stay of the court's order of August 30, 2018. (NJDOT Ex. FF.) On September 21, 2018, the NJDOT filed a motion for leave to amend its complaint to assert claims regarding the new ordinances. (NJDOT Ex. GG.) On September 28, 2018, Ms. Rosa filed a motion for leave to amend her complaint regarding the new ordinances and to impose sanctions against the defendants and to award attorneys' fees and or costs in favor of Ms. Rosa. (NJDOT Ex. HH.) The NJDOT on October 3, 2018 filed opposition to Leonia's motion for reconsideration or for a stay. (NJDOT Ex. II.) Leonia on October 4, 2018 filed opposition to the NJDOT's motion for leave to amend its complaint. (NJDOT Ex. JJ.) Ms. Rosa on October 5, 2018 opposition to Leonia's motion for reconsideration or for a stay. (NJDOT Ex. KK.) The NJDOT on October 5, 2018 filed a brief in reply to Leonia's opposition to the NJDOT's motion for leave to amend. (NJDOT Ex. LL.) Leonia on October 8, 2018 filed a brief in reply to opposition to its

-14-

motion for reconsideration or for a stay. (NJDOT Ex. MM.) On October 12, 2018, the court denied Leonia's motion for reconsideration or for a stay (NJDOT Ex. NN) and granted the NJDOT's and Ms. Rosa's motions for leave to file an amended complaint (NJDOT Ex. OO and PP). (A copy of the transcript of the oral argument of October 12, 2018 is attached as NJDOT Ex. QQ.) In the court's written decision denying Leonia's motion for reconsideration or for a stay, concerning the old ordinances that Leonia adopted, regarding essentially the same streets and limitations, Judge Bariso stated:

> [A]ny right of Leonia to pass ordinances restricting the flow of traffic in a matter that creates "no through" streets could only have arisen by legislation, and there has been none. The power to designate "no through" streets is not among the powers granted by Leonia in Title 39, nor is such power granted by any other provision of our statutes.
>
> [NJDOT Ex. RR, Rosa v. Borough of Leonia, et al., Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018).]

On October 12, 2018, the Ms. Rosa and the NJDOT filed amended complaints. (NJDOT Ex. SS and TT.)

However, three days later, on October 15, 2018, Leonia adopted Ordinance No. 2018-17 ("the amended new ordinance"),

-15-

which appears to amends and supplement the new ordinances by moving a traffic restriction regarding Fort Lee Road from Ordinance No. 2018-14 to Ordinance No. 2018-15. (NJDOT Ex. UU.) The substance of the new ordinances, however, remains the same.

In letters dated October 10, 2018, October 12, 2018, and October 23, 2018, Leonia's attorney sent the new ordinances, along with Ordinance No. 2018-17, to the NJDOT for review, pursuant to N.J.S.A. 39:4-8(a). (NJDOT Ex. CC, DD and UU.)

On October 24, 2018, Englewood filed a motion to intervene, with the motion being returnable before the state court on November 9, 2018. (NJDOT Ex. VV.) On October 26, 2018, the NJDOT filed a letter with the state court consenting to the entry of an order granting Englewood's motion for leave to intervene. (NJDOT Ex. WW.)

On October 31, 2018, with Englewood's motion for leave to intervene pending in the state court, the defendants filed a notice of removal of the state court action to this court. On November 2, 2018, the defendants in this court filed answers to the NJDOT's and Ms. Rosa's amended complaints.

The NJDOT by this motion requests the entry of an order remanding this case to the state court and awarding attorney fees and costs.

-16-

**ARGUMENT**

**POINT I**

**THIS COURT LACKS JURISDICTION BECAUSE THE TIME FOR THE REMOVAL OF THIS CASE HAS LONG SINCE EXPIRED.**

Regarding the relevant provisions governing the removal of civil actions from state court to federal district court, pursuant to 28 U.S.C. § 1441(a), "defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). The removability of a matter is determined from the plaintiff's pleadings at the time of removal. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citing Pullman Company v. Jenkins, 305 U.S. 534, 537, 83 L. Ed. 334, 59 S. Ct. 347 (1939) ("The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction.")).

When the propriety of removal is challenged, the party asserting federal jurisdiction bears the burden of showing that

-17-

removal is proper. See <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." <u>Abels</u>, 770 F.2d at 29.

Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a). If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Where a plaintiff seeks remand based on a procedural defect in removal, and the case is otherwise removable under § 1441(a), the plaintiff must identify a provision that prohibits removal. <u>SmithKline Beecham</u>, 769 F.3d at 208.

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). A certified copy of the order of remand shall be mailed by the

clerk to the clerk of the court and the court may thereupon proceed with the case.   <u>Ibid.</u>

Section 1446(b) contains two operative provisions governing the timeliness of removal. First, § 1446(b)(1) provides, generally, that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> [28 U.S.C. § 1446(b)(1).]

The second relevant provision of § 1446(b) is an exception to the general rule set forth in § 1446(b)(1). It provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> [28 U.S.C. § 1446(b)(3).]

-19-

The purpose of the 30 day requirement in § 1446(b) "is to ensure that a defendant to a properly initiated lawsuit removes the case to federal court as soon as he can 'ascertain' a basis for federal jurisdiction from the pleadings, motion documents, orders, or 'other paper.'" Fenza's Auto, Inc. v. Montagnaro's, Inc., No. 10-3336, 2011 U.S. Dist. LEXIS 29696, at 33 (D.N.J. Mar. 21, 2011).

Here, Leonia's notice of removal was untimely under § 1446(b)(3), because it was not filed within 30 days of Leonia's receipt of Ms. Rosa's first amended complaint.  Specifically, Ms. Rosa filed her first amended complaint on February 12, 2018, and the defendants were served, at the latest, by March 27, 2018, when the defendants filed their answer. (NJDOT Ex. G and XX.)  Ms. Rosa's first amended complaint of February 12, 2018 included both federal claims, pursuant to 42 U.S.C. § 1983 and the Interstate Commerce Clause, in addition to claims under state law.  (NJDOT Ex. G.) In addition, Ms. Rosa raised federal claims in both her order to show cause papers filed on May 4, 2018, and her motion for summary judgment filed on July 16, 2018.  (NJDOT Ex. K and U.)  In fact, the defendants in their cross-motion to dismiss of August 21, 2018, sought the dismissal of Ms. Rosa's federal claims, which the court denied on August

-20-

30, 2018. (NJDOT Ex. W, X and Y.) Nonetheless, the defendants failed to file their notice of removal until October 31, 2018, more than seven months after filing their answer to Ms. Rosa's first amended complaint, and far exceeding the applicable 30 day limitation for removal set forth in § 1446(b)(3). Therefore, the defendant's removal was untimely under § 1446(b)(3).

In addition, although the amended complaints filed by both Ms. Rosa and the NJDOT address the new ordinances, the new ordinances are simply a bifurcation of the old ordinances. (NJDOT Ex. B, C, D, CC, DD and UU.) In this regard, both the old ordinances and the new ordinances regulate traffic based on a residency classification or based upon a motorist's destination, they create an impact on a State highway, and they create no through streets with no legal authority to do so regarding essentially the same streets and time frames. (NJDOT Ex. B, C, D, CC, DD and UU.) As such, because Leonia merely divided the traffic restrictions from the old ordinances into separate iterations within the new ordinances, there is no meaningful difference between the two sets of ordinances. Moreover, Ms. Rosa has asserted essentially the same federal claims in her second amended complaint that she asserted in her first amended complaint of February 12, 2018, her order to show cause papers

-21-

filed on May 4, 2018, and her motion for summary judgment filed on July 16, 2018. (NJDOT Ex. G, K, U and SS.) Additionally, the NJDOT asserted only state claims under both its complaint and its amended complaint. (NJDOT Ex. S and TT.) Therefore, this court can fairly determine that Leonia's notice of removal was untimely under § 1446(b)(3) because it was not filed within 30 days of Leonia's receipt of Ms. Rosa's first amended complaint of February 12, 2018, which is when the defendants should have first ascertained that this case was removable. 28 U.S.C. § 1446(b)(3).

Accordingly, because the defendant's removal was untimely under § 1446(b)(3), remand to the state court is warranted.

<u>**POINT II**</u>

**THIS COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION REGARDING THE NJDOT'S CLAIMS.**

Where a district court has original jurisdiction over a civil claim, the court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c), however, a district court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Although a district court may have supplemental jurisdiction over a claim or claims in a case, it may nevertheless decline to exercise its jurisdiction for a number of enumerated reasons falling within its discretionary authority. See 28 U.S.C. § 1367(c). In this regard, a federal

-23-

district court's exercise of supplemental jurisdiction is a discretionary measure. <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997). In determining whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." <u>Ibid.</u> (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). Therefore, "not every claim within the same 'case or controversy' as the claim within the federal court's original jurisdiction will be decided by the federal court." <u>Jinks v. Richland County</u>, 538 U.S. 456, 459, 123 S. Ct. 1667, 155 L. Ed. 2d 631 (2003). Moreover, a federal court may be obligated to not decide related state law claims when an abstention doctrine applies. <u>Id.</u> at 174.

Here, even assuming for the sake of argument that Leonia did not fail to timely file its notice to remove, this court should decline to exercise supplemental jurisdiction regarding the NJDOT's claims for the following reasons:

**A. *The claims raise a novel issue under state law regarding Leonia's legally invalid no through street ordinances.***

Under 28 U.S.C. § 1367(c)(1), a district court may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law. In this regard, to determine the merits of the NJDOT's claims, a court must consider the interrelationship between various New Jersey statutes, including Title 39; the overall structure of delegated authority for traffic regulation by the New Jersey Legislature; and the applicable powers and responsibilities of the commissioner of a New Jersey state agency, the NJDOT Commissioner. Moreover, the question of whether a municipality lacks the legal authority to designate no through streets presents a novel issue that has been addressed by the New Jersey courts for the first time by the state court in this case.

Accordingly, this court should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c)(1).

**B. *The NJDOT's state law claims substantially predominate over the constitutional claims over which this court may have original jurisdiction.***

Here the NJDOT does not have any federal law claims against Leonia; it only has state law claims arising out of

-25-

Title 39. (NJDOT Ex. S and TT.)  These claims focus on whether Leonia ignored the applicable state law and adopted legally invalid no through street traffic ordinances in a densely populated region of the state, approximately one half mile from the George Washington Bridge.  (NJDOT Ex. S and TT.)  Moreover, this case involves a state plaintiff-intervenor (the NJDOT), a potential municipal plaintiff-intervenor (Englewood), an individual plaintiff (Ms. Rosa), and municipal defendants (Leonia).  As such, this case presents predominantly state law claims being litigated primarily by public entities in a state court.  Accordingly, this court should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c)(2).

**C.** ***Based on the compelling reasons presented, this court should decline to exercise its supplemental jurisdiction regarding the NJDOT's claims.***

The predominant issues here concern a municipality's legally invalid traffic ordinances under state law regarding public roads, which have resulted in this litigation involving a state agency, multiple local municipalities, and a New Jersey citizen. Therefore, the state court is in the best position to weigh the competing interests in this case.

-26-

Moreover, but for Leonia's adoption of the new ordinances (and the amended new ordinance), the issues in this case have already been litigated in the state court, and would be subject to appeal in the Superior Court of New Jersey, Appellate Division. In this regard, the state court has already properly determined that the ordinances at issue in this case were legally invalid because, although they impacted a State roadway, Leonia failed to submit the ordinances to the NJDOT Commissioner for approval, pursuant to N.J.S.A. 39:4-8(a). (NJDOT Ex. AA and RR.) The state court further ruled that any purported municipal power to restrict traffic flow in such a manner "could only have arisen by legislation, and there has been none." (NJDOT Exhibit RR, Rosa v. Borough of Leonia, et al., Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29.) Therefore, by removing this action to federal court, Leonia is essentially seeking the proverbial "second bite" at the apple, under the guise that the new ordinances are something more than a new iteration of the old ordinances. Given these compelling reasons, this court should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c)(4).

Accordingly, the NJDOT respectfully submits that this court, in its discretion, decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c)(1), (2) and (4).

<u>POINT III</u>

**THIS COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION REGARDING THE NJDOT'S CLAIMS PURSUANT TO THE <u>YOUNGER</u> ABSTENTION DOCTRINE.**

Pursuant to <u>Younger v. Harris</u>, 401 U.S. 37, 27 L. Ed. 669, 91 S. Ct. 746 (1971), and its progeny, federal courts should abstain from interfering with certain state criminal, civil, and administrative proceedings. See <u>Sprint Communications v. Jacobs</u>, 571 U.S. 69, 187 L. Ed. 2d 505, 134 S. Ct. 584 (2013). In this regard, while, as a general rule, the pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, there are certain instances in which the prospect of undue interference with state proceedings counsels against federal relief. <u>Id.</u> at 72-73 (citations omitted).

These "exceptional circumstances" arise when the federal action threatens to interfere with one of three types of cases: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." <u>Id.</u> at 78. With regard to state civil enforcement proceedings, the

threshold inquiry is whether such proceedings are "quasi-criminal" in nature. Id. at 81. Therefore, in determining whether Younger abstention applies, a federal court must consider: whether the action was commenced by the State in its sovereign capacity, whether such proceedings were initiated to sanction a party for some wrongful act, and whether there are "other similarities" to criminal actions, such as an investigation which may culminate in the filing of a formal complaint or charges. Id. at 79-80 (citations omitted). The court may also consider whether the State could have sought to enforce a parallel criminal statute. Acra Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 138 (3d Cir. 2014)(citing Huffman v. Pursue, Ltd., 420 U.S. 592, 604, 95 S. Ct. 1200, 43 L. Ed. 482 (1975)).

        Once a court determines that the underlying proceeding is one of the above-classified types of actions, it may consider the following factors: (1) whether the proceeding is an ongoing judicial proceeding; (2) whether the proceeding implicates state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise federal constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116

-30-

(1982). However, these are additional, not dispositive, factors to the court's <u>Younger</u> abstention analysis. <u>Sprint</u>, 571 U.S. at 81.

Here, the NJDOT has pursued its action against Leonia in its sovereign capacity, seeking to have the state court declare Leonia's ordinances legally invalid as a matter of law because Leonia exceeded its legally delegated authority under Title 39.  (NJDOT Ex. S and TT.) The NJDOT in state court intervened to enjoin and restrain Leonia from the wrongful enforcement of its legally invalid ordinances. (NJDOT Ex. S and TT.)  In this regard, the NJDOT initiated this quasi-criminal action against Leonia in state court because, while the NJDOT itself is not a law enforcement agency, it is nevertheless responsible for promoting an "efficient, fully integrated and balanced transportation system" throughout New Jersey, N.J.S.A. 27:1A-2, and for determining whether applicable proposed traffic regulations appear to be in the interest of safety and the expedition of traffic on the public highways, pursuant to N.J.S.A. 39:4-8(a).

Notably, the NJDOT did not move to intervene or file its complaint against Leonia until after Leonia failed to comply with a cease and desist letter from the State of New Jersey

-31-

Attorney General's Office, which explained that the old ordinances were legally invalid. (NJDOT Ex. I.) The NJDOT's intervention also proceeded after NJDOT engineering staff and Leonia conferred to discuss appropriate traffic controls in Leonia that would not violate Title 39 and the NJDOT did not receive any requests from Leonia to act upon any of the potentially legally valid alternatives. (NJDOT Ex. A, Motion for Summary Judgment, Certification of Mark A. Hiestand, page 5, paragraphs 13-15; and Ex. J.)

Moreover, despite the state court's order of August 30, 2018, which declared the old ordinances legally invalid as a matter of law and restrained Leonia from its further enforcement, on September 17, 2018, Leonia adopted the new ordinances, essentially bifurcating the old ordinances into separate ordinances. (NJDOT Ex. CC and DD.) This appeared to be an effort by Leonia to evade the substance of the state court's August 30, 2018 order through the adoption of the new ordinances. Thereafter, on October 12, 2018, the state court denied Leonia's motion for reconsideration or for a stay of the state court's August 30, 2018 order. (NJDOT Ex. NN and RR.) The court then granted the NJDOT's and Ms. Rosa's motions to file amended complaints regarding the new ordinances. (NJDOT Ex. OO

-32-

and PP.) But rather than properly filing an answer to these amended complaints in the state court, with Leonia apparently dissatisfied with the state court's rulings, and seven months having passed since Leonia filed its answer to Ms. Rosa's first amended complaint in the state court, Leonia filed its notice of removal.

Therefore, it is undisputed that this case involves an ongoing state court action. This underlying state court action involves, and has previously addressed, important state interests regarding the NJDOT Commissioner's authority under Title 39, as well as the scope of a municipality's delegated authority to adopt and enforce certain traffic ordinances. Moreover, the NJDOT has not asserted any federal claims in this case.

Additionally, this case has been complicated by Leonia's continuing adoption of new iterations of its old ordinances, thereby prolonging the ultimate resolution of the NJDOT's claims. Leonia has now further and unfairly delayed the resolution of this matter by removing this case to this court. However, the thrust of this litigation has been, and continues to be, the NJDOT's attempt to enjoin and restrain Leonia from

performing an unlawful act, namely, the adoption and enforcement of its legally invalid no through street traffic ordinances.

Accordingly, the Younger abstention doctrine applies in these circumstances, presenting compelling reasons for this court to decline to exercise its supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c)(4).

## POINT IV

**THIS COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION REGARDING THE NJDOT'S CLAIMS PURSUANT TO THE <u>ROOKER-FELDMAN</u> DOCTRINE.**

The <u>Rooker-Feldman</u> doctrine bars federal district courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. <u>Marran v. Marran</u>, 376 F.3d 143, 149 (3d Cir. 2004)(citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 68 L.Ed. 363, 44 S. Ct. 149 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 75 L.Ed. 2d 206, 103 S. Ct. 1303 (1983)). A claim is the "functional equivalent" of a state court appeal when it was either actually litigated before a state court, or if it is inextricably intertwined with the state adjudication. <u>Ibid.</u> (citing <u>ITT Corporation v. Intelnet International Corporation</u>, 366 F.3d 205, 210 (3d Cir. 2004)). In this regard, "a claim is inextricably intertwined with the state court adjudication when federal relief can only be predicated upon a conviction that the state court was wrong," and thus the doctrine applies when "the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the

state judgment ineffectual." Id. at 150 (citations and quotations omitted).

The Rooker-Feldman doctrine equally applies to actions which have been removed from state court. Wells Fargo Bank NA v. Carr, 2018 U.S. Dist. LEXIS 80842, at 7 (D.N.J. May 14, 2008)(citations omitted). Thus, when a case has been removed to federal court, the appropriate course is usually to remand those claims barred by the Rooker-Feldman doctrine back to state court. Patetta v. Wells Fargo Bank, NA, 2010 U.S. Dist. LEXIS 472333 (D.N.J. May 12, 2010).

Here, on June 11, 2018, the NJDOT filed a complaint for declaratory judgment and action in lieu of prerogative writs against Leonia. (NJDOT Ex. S.) After Leonia filed its answer to the NJDOT's complaint, the NJDOT then filed a motion for summary judgment on July 11, 2018, seeking to have the state court declare the old ordinances null and void as a matter of law. (NJDOT Ex. T and A.) After hearing oral argument regarding the NJDOT's motion, as well as the summary judgment motion filed by Rosa and Leonia's cross-motion to dismiss, the state court granted the NJDOT's motion for summary judgment and declared the old ordinances null and void and legally invalid. (NJDOT Ex. AA.) The state court further enjoined and restrained Leonia

-36-

from further enforcement of the same, including but not limited to the use of signage regarding the old ordinances, police officials notifying motorists about the old ordinances, and the issuance of traffic citations based upon the old ordinances. (NJDOT Ex. AA.)

Notwithstanding the state court's order, on September 17, 2018, Leonia adopted the new ordinances, essentially bifurcating one of the old ordinances (Ordinance 2018-5) into two separate ordinances: Ordinance No. 2018-14 and Ordinance No. 2018-15. (NJDOT Ex. CC and DD.)   Thereafter, on September 20, 2018, Leonia moved for reconsideration or, in the alternative, for a stay of the state court's August 30, 2018 order.  (NJDOT Ex. FF.)

With the adoption of the new ordinances, the NJDOT and Ms. Rosa both filed motions for leave to amend their respective complaints to include the new ordinances, arguing that there was no meaningful difference between the old ordinances and the new ordinances. (NJDOT Ex. GG and HH.)  In this regard, the new ordinances, while dividing the streets that were previously listed on Ordinance No. 2018-5, still establish no through streets on the streets listed therein, unless the motorist is a

Leonia resident or is traveling to a residence and/or to or from a Leonia destination.

Essentially, but for Leonia's adoption of the new ordinances (and the amended new ordinance), the issues in this case have already been litigated, and would have been subject to appeal in the Superior Court of New Jersey, Appellate Division. In this regard, the state court has already properly determined that the ordinances at issue in this case were legally invalid because, although they placed an impact on a State roadway, Leonia failed to submit the ordinances to the NJDOT Commissioner for approval, pursuant to N.J.S.A. 39:4-8(a).  (NJDOT Ex. AA.) The state court further ruled that any purported municipal power to restrict traffic flow in such a manner could only have arisen by legislation, and there has been none. (NJDOT Ex. NN and RR, Rosa v. Borough of Leonia, et al., Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29.) Therefore, by removing this action to federal court, Leonia is essentially seeking the proverbial "second bite" at the apple, under the guise that the new ordinances, in substance, are somehow more than a new iteration of the old ordinances.

Given these circumstances, the Rooker-Feldman doctrine applies, presenting compelling reasons for this court to decline

-38-

to exercise its supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. § 1367(c)(4).

## CONCLUSION

For the foregoing reasons, the NJDOT respectfully submits that an order should be entered remanding this case to the Superior Court of New Jersey, Law Division, Hudson County and awarding attorney fees and costs to the NJDOT.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By: s/ Philip J. Espinosa
Philip J. Espinosa
Deputy Attorney General

Dated: November 16, 2018

-39-