ELECTRONICALLY FILED IN THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE ROSA,<br>                    Plaintiff,<br>          v.<br><br>BOROUGH OF LEONIA, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 2:18-cv-15534 |
| STATE OF NEW JERSEY DEP'T OF TRANSPORTATION,<br><br>                    Plaintiff-<br>                    Intervenor,<br>          v.<br><br>BOROUGH OF LEONIA, NEW JERSEY,<br>                    Defendant. | Before: HONORABLE ESTHER SALAS, U.S.D.J.<br><br>Motion Return Date: January 7, 2019 |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF/INTERVENOR
DEPARTMENT OF TRANSPORTATION'S MOTION TO REMAND**

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
169 Ramapo Valley Road, UL – Suite 105
Oakland, New Jersey 07436
Telephone: (973)845-6700
Attorneys for Defendants Borough of Leonia,
Borough of Leonia Council, Judah Zeigler and
Tom Rowe

Of Counsel: Ruby Kumar-Thompson
On the Brief: Mary Anne Groh

i

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ............................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................... 4

LEGAL ARGUMENT ......................................................................... 7

    POINT I THE NOTICE OF REMOVAL WAS FILED LESS THAN THIRTY (30) DAYS FROM THE DATE ROSA FILED CLAIMS BEING ASSERTED FOR THE VERY FIRST TIME IN THE AMENDED COMPLAINT. ..................................... 7

    POINT II THE COURT HAS, AND SHOULD EXERCISE, SUPPLEMENTAL JURISDICTION OVER THE DOT'S CLAIMS; THERE IS NO NOVEL OR COMPLEX ISSUE OF STATE LAW, THE STATE LAW CLAIMS WILL NOT PREDOMINATE THE FEDERAL CLAIMS AND THERE ARE NO EXCEPTIONAL CIRCUMSTANCES FOR THIS COURT TO REMAND THE CLAIMS UNDER THE U.S. CONSTITUTION TO THE NEW JERSEY SUPERIOR COURT FOR ADJUDICATION. ....................................................................... 10

    POINT III NEITHER THE YOUNGER ABSTENTION DOCTRINE NOR THE ROOKER-FELDMAN DOCTRINE SUPPORT A DECLINATION OF JURISDICTION........................................................................... 13

CONCLUSION ............................................................................. 18

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

<u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26 (3d Cir. 1985) ...................... 7

<u>Cohens v. Virginia</u>, 6 Wheat. 264, 5 L.Ed. 257 (1821) ..................................... 14

<u>Colorado River Water Conservation Dist. v. United States</u>,
    424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) .................................. 14

<u>Craig Food Industries, Inc. v. Taco Time International, Inc.</u>,
    469 F.Supp. 516 (D. Utah 1979)..................................................................... 8

<u>Dow Corning Corp. v. Schpak</u>, 65 F.R.D. 72 (N.D. Ill. 1974)............................ 8

<u>Exxon Mobil Corp v. Saudi Basic Industries Corp.</u>,
    544 <u>U.S.</u> 280 (2005) ............................................................................ 15, 16

<u>Frederico v. Home Depot</u>, 507 F.3d 188 (3d Cir. 2007) ................................... 7

<u>Henderson v. Midwest Refining Co.</u>, 43 F.2d 23 (10th Cir. 1930) .................... 8

<u>Johnson v. Heublein, Inc.</u>, 227 F.3d 236 (5th Cir. 2000)........................... 7, 8, 9

<u>Lance v. Dennis</u>, 546 <u>U.S.</u> 459 (2006)........................................................... 16

<u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132 (2005)................................... 10

<u>Sprint Communications, Inc. v. Jacobs</u>, 571 U.S. 69 (2013) .......................... 14

**Constitutional Provisions**

28 <u>U.S.C.</u> §1367................................................................................... 10

28 <u>U.S.C.</u> §1446............................................................................... 7, 14

28 <u>U.S.C.</u> §1983..................................................................................... 1

**PRELIMINARY STATEMENT**

This litigation was commenced by Jacqueline Rosa ("Rosa"), a private citizen, against the Borough of Leonia ("the Borough"), the Borough of Leonia Council, its Mayor Judah Zeigler and former Acting Clerk Tom Rowe (hereafter at times referred to as "Defendants") with claims that the Defendants violated various state and federal laws in the Borough's adoption of two ordinances at the end of 2017 and in the beginning of 2018, *inter alia*, by failing to seek approval of the Commissioner of the Department of Transportation of the State of New Jersey ("DOT).  In her [First] Amended Complaint, which was filed on February 12, 2018, Rosa alleged violation of her civil rights under 28 U.S.C. §1983 and violation of the Interstate Commerce Clause.  Although not required by law to give notice to the DOT, Rosa gave notice of the suit to the DOT, who then intervened in the suit and filed its own complaint on June 11, 2018 against the Borough seeking a declaratory judgment that the ordinances adopted between December 4, 2017 and March 5, 2018 were null and void as violative of state law because *inter alia* they were not submitted to the DOT for approval prior to enforcement or to neighboring communities as it contended was required by law and that they unreasonably regulated traffic based on residency classifications.  At the time, the Borough was awaiting advice and guidance from the DOT regarding the ordinances and traffic issues in the Borough.

Without any discovery having been conducted, the state court entered summary judgment in favor of the DOT because it found that the Borough had not sought DOT approval of the subject ordinances finding that the Borough's

1

informal requests for assistance did not satisfy the statutory scheme.  The Court did not decide as urged by the DOT's motion for summary judgment that the Borough did not have the lawful authority to adopt said ordinances under state law, under the Constitution, or otherwise.  As a result of the invalidation of the original Ordinances that were the subject of Rosa's Amended Complaint and the DOT's amended Complaint on procedural grounds, the Borough started from scratch and introduced two new ordinances in order to cure the procedural deficiencies noted by the state court.  The introduction and adoption of those Ordinances were handled differently than the prior ordinances and, in accordance with the procedures set out in New Jersey statutes by providing notice to surrounding communities and submission of the new ordinances to the DOT for approval.

As a result, and notwithstanding the curative efforts of the Borough, Rosa and the DOT filed motions for leave to file amended complaints based on the new ordinances.  The claims in the Amended Complaints filed on October 12, 2018, although similar to the claims in Rosa's [First] Amended Complaint and the DOT's original Complaint, are nonetheless new claims predicated on completely new and different facts regarding the procedure and substance of the new ordinances.

The Borough exercised its right to remove the suit to federal court based on the constitutional claims in the Amended Complaints, which right was revived when the Amended Complaints were filed on October 12, 2018.

2

The DOT asks this court to remand the matter to state court claiming that removal was untimely, failing to recognize the revival exception. The DOT also asks that the court decline pendent jurisdiction over the state court claims by discretion, or based on the <u>Younger</u> absention or <u>Rooker-Feldman</u> doctrines arguing that the state court is better suited to adjudicate the plaintiffs' claims and the Defendants' defenses thereto.

For the reasons set forth herein, this court should retain jurisdiction over the constitutional and state claims asserted by Rosa and the DOT because the notice of removal was timely filed based on the constitutional challenges asserted against the new ordinances adopted by the Borough and since the DOT's claims under state law are predicated on the same core facts as Rosa's constitutional claims based on a right to travel, equal protection, and the Interstate Commerce Clause.

3

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 4, 2017, in an effort to address long-term traffic issues, the Borough Council adopted Ordinance No. 2017-19 that effectively closed certain streets in the Borough during certain hours to certain travelers. (Ex. B to DOT's Moving Certification.)[1]  Shortly thereafter, on January 17, 2018, by Ordinance No. 2018-2, the Council established a $200 penalty for any person convicted of violating the road closure ordinances.  (Id. at Ex. C.)

On or about January 30, 2018, Rosa commenced an action *pro se* in the Superior Court of New Jersey in Bergen County by filing a Complaint challenging the Borough's adoption of said ordinances. (Id. at Ex. E.)  On February 12, 2018, prior to the filing of any Answers, Plaintiff filed a [First] Amended Complaint. (Id. at Ex. G.)  On March 5, 2018, the Council revised the terms and conditions of the road closures by adopting a new Ordinance No. 2018-5.  (Id. at Ex. D.)  On March 27, 2018, Defendants filed an Answer and Affirmative Defenses to the Amended Complaint. (Id. at Ex. XX.)   On June 11, 2018, the DOT filed a Complaint challenging the Borough's authority to adopt and enforce the foregoing ordinances; and, on July 2, 2018, the Borough filed an Answer thereto. (Id. at Exs. S and T.)

On July 11, 2018 and July 16, 2018, respectively, the DOT and Rosa filed separate motions for Summary Judgment.  (Id. at Exs. S and T.)  Those motions

---

[1] All Exhibit references are to the exhibits attached to the DOT's remand papers unless otherwise noted.

4

were opposed by the Borough and the Borough cross-moved for summary judgment and to dismiss Rosa's Amended Complaint.  On August 30, 2018, after hearing oral argument on both motions and the cross-motion, the Court entered separate orders denying the Defendants' Cross-Motion and Rosa's Motion for Summary Judgment and granting the DOT's Motion for Summary Judgment because it found that the Borough had not sought the approval of the DOT Commissioner, which the Court felt was a fatal defect since some of the road closures had an impact on a state highway, namely Grand Avenue.  (Id. at Exs. X, Y, Z and AA.)

On September 17, 2018, after providing notice of introduction to surrounding municipalities, in order to cure the procedural deficiencies found by the court, the Borough adopted two (2) revised Ordinances – namely Ordinance No. 2018-14, which pertains to streets other than those along a state and county highway, Grand Avenue and Bergen Boulevard, respectively, and Ordinance No. 2018-15, which pertains to those streets intersecting Grand Avenue only.  Consistent with Title 39 of the New Jersey Statutes, the Borough submitted the ordinances to the DOT Commissioner for approval.

Prior to any decision on the request for approval from the DOT, Plaintiffs filed separate motions for leave to amend their complaints to assert brand new claims based on the Borough's actions in adopting the new ordinances.  On October 12, 2018, the Court granted the motions for leave to amend and the amended complaints were filed on the same day.  (Id. at Exs. SS and TT.)

5

The amended complaint filed by Rosa on October 12, 2018 abandoned her challenge to the ordinances that had been invalidated by the Court on August 30, 2018, and replaced all references to those ordinances with the new ordinances adopted on September 17, 2018. Although Rosa raises the same challenges to the new ordinances, that is that said ordinances violate the Interstate Commerce Clause and her civil rights "under code 42 U.S. Code §1983," and also alleges that her "Fifth Amendment rights of basic liberty" and "constitutional right to travel freely without being stopped and questioned" are being violated, these claims are all new claims as they pertain to the new ordinances that were enacted after the old ordinances were invalidated on procedural and not substantive grounds.

Within 30 days of the filing of Plaintiffs' Amended Complaints, on October 31, 2018, the Borough filed a Notice for Removal; and, on November 2, 2018, the Borough filed separate Answers to the Amended Complaints by Rosa and the DOT in the District Court (see DOT Ex. CC, DD and UU).

On November 16, 2018, the DOT filed the instant motion to remand the matter to state court for adjudication of the new claims in the amended complaints filed on October 12, 2018.

By letter dated December 4, 2018, the DOT declined to approve the new Ordinances.

6

**LEGAL ARGUMENT**

**POINT I**

**THE NOTICE OF REMOVAL WAS FILED LESS THAN THIRTY (30) DAYS FROM THE DATE ROSA FILED CLAIMS BEING ASSERTED FOR THE VERY FIRST TIME IN THE AMENDED COMPLAINT.**

As correctly noted by the DOT in its moving papers, the removability of a matter is usually determined from the plaintiff's pleadings at the time of removal. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  The Borough also agrees that it bears the burden of showing that removal is proper.  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  The parties also agree that a notice of removal must be filed within thirty days of service of a claim that is removable.  Where we diverge is regarding the ability to file a notice of removal based on an amended pleading under the common law revival exception. In fact, the DOT entirely omits any reference regarding the revival exception contained in 28 U.S.C. §1446(b)(1), which allows a party to file a notice of removal more than 30 days after the filing of a pleading, if a new pleading with federal law claims is filed, even if a prior pleading could have been removed, but was not.

Although a party who could have removed an action within thirty days of the service of a pleading with federal question claims loses the right to remove the initial pleading, the party's lapsed right to remove is restored when the complaint is amended with entirely new claims, as here.  Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000).  See also, Craig Food Industries, Inc. v.

7

Taco Time International, Inc., 469 F.Supp. 516, 521 (D. Utah 1979).   When a complaint included claims subject to removal and was not removed within thirty days, it may, nonetheless, remove an amended complaint based on subsequent actions after the initial pleading that are subject to federal jurisdiction.   Dow Corning Corp. v. Schpak, 65 F.R.D. 72, 75 (N.D. Ill. 1974).   Moreover, when a party abandons claims first raised in a complaint and then asserts new claims on entirely new facts, as in the matter at bar, the time for removal is revived. See Henderson v. Midwest Refining Co., 43 F.2d 23, 25 (10th Cir. 1930).   The application of the revival exception requires consideration of the purpose of removal – "the proper allocation of decision-making responsibilities between state and federal courts." Johnson, supra, 227 F.3d at 242, quoting Wilson v. Intercollegiate (Big Ten) Conference A.A., 668 F.2d 962, 965 (7th Cir. 1982).

In this case, the DOT argues as to the pleading of another party – Rosa – that her Complaint is basically a re-tread of her first Amended Complaint; but, it clearly is not.   Rosa asserted new claims based on the adoption of two new ordinances on September 17, 2018 and completely removed all claims that had been asserted in connection with prior ordinances.   The analysis of Rosa's constitutional claims based on the Defendants' adoption of the new ordinances, which were submitted to the DOT for its review, will be completely different than an analysis of her prior claims regarding the old ordinances, which had not been submitted to the DOT for its review and approval.   Moreover, the fact that the claims with respect to the old ordinances have been removed from the Amended Complaint, and are no longer the subject of Rosa's lawsuit makes it crystal clear

that the claims in the Amended Complaint are different and independent from the prior claims and are brand new, such that the 30 days for removing her Amended Complaint was revived.  Indeed, the new ordinances upon which Rosa's amended complaint is entirely predicated upon were not even adopted at the time that the state court granted the DOT summary judgment.

Significantly, there were no rulings made in state court on the constitutional and federal claims related to the new ordinances following the filing of the amended complaints at issue.   In fact, Rosa's prior motion for summary judgment was denied.  Furthermore, in arguing as to the reason that the DOT should be able to amend their (then dismissed) Complaint, it was admitted that no prior rulings had been made on the arguments presented by the DOT regarding the Borough's legal authority to adopt said ordinances in connection with their motion for summary judgment as to the old ordinances. (see Ex. QQ, T28:12-24; 39:3-13).  Nor was there any discovery conducted as to the issues raised by Rosa and the DOT in their original or amended complaints regarding the Borough's legal authority to adopt said Ordinances prior to removal.  As such, it is clear that removal will not result in delay, waste, or undue tactical advantage to a party, nor will it impair proper allocation of state and federal judicial responsibilities and, thus, jurisdiction in federal court on the federal claims asserted by Plaintiffs is appropriate.  See Johnson, supra, 227 F.3d at 242.

For all of the foregoing reasons, the motion to remand should be denied, as the Borough filed a Notice of Removal within thirty days of the filing of Rosa's

Amended Complaint, which abandoned all previously-asserted claims and asserted brand new claims related to the adoption of Ordinance Nos. 2018-14 and 2018-15.[2]

## POINT II

**THE COURT HAS, AND SHOULD EXERCISE, SUPPLEMENTAL JURISDICTION OVER THE DOT'S CLAIMS; THERE IS NO NOVEL OR COMPLEX ISSUE OF STATE LAW, THE STATE LAW CLAIMS WILL NOT PREDOMINATE THE FEDERAL CLAIMS AND THERE ARE NO EXCEPTIONAL CIRCUMSTANCES FOR THIS COURT TO REMAND THE CLAIMS UNDER THE U.S. CONSTITUTION TO THE NEW JERSEY SUPERIOR COURT FOR ADJUDICATION.**

The Borough does not dispute the law cited by the DOT as to the court's supplemental or pendent jurisdiction over state law claims; it does, however, deny that circumstances warrant a declination of supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

As a threshold matter, the claims by Rosa and the DOT alleging that the Borough exceeded its authority under state law are not too novel or complex for this court to adjudicate.  In its motion, the DOT argues that the issues raised are ones of first impression, despite the fact that the DOT continuously maintained in prior proceedings that its right to regulate the traffic impacting state highways is clear and settled under Title 39, and was the reason why it

_____

[2] The DOT's request for an award of fees and expenses in connection with its motion to remand should be denied even if this Court were to order remand, as the Borough had an objectively reasonable basis for removal under the revival exception.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

moved for summary judgment just one month after filing its pleading and before any discovery took place. The state court did not struggle to understand the Title 39; it found that the law was clear that DOT approval was required for any traffic regulation impacting a state highway. This ruling has never been challenged by the Borough, either in its motion for reconsideration or on appeal. Based on the position taken against the old ordinances, the DOT should be judicially estopped to now argue before this court that the Title 39 issues are novel and too complex for this court to adjudicate, when it previously argued otherwise.

Secondly, the state law claims will not predominate the federal claims that the traffic restrictions violate Rosa's right to travel, the Interstate Commerce Clause or deny non-residents equal protection as alleged by the DOT.[3] Rather, all of those arguments will invariably be made by plaintiffs to show that the ordinances should be deemed to be legally invalid as a matter of law, and not just invalidated on procedural grounds. If anything, due to the failure by the state court to rule on any issue except for the procedural deficiencies affecting the old ordinances, it is the constitutional claims that will predominate the state law claims at this juncture. The fact that one of the parties is a state agency and

---

[3] The DOT asserts that it does not have any federal law claims, but its claims that the ordinances are invalid based on a residency requirement clearly implicate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

11

another is a local government entity does not mean that state law issues will predominate.

Thirdly, there are no exceptional circumstances cited by the DOT to warrant this court declining original jurisdiction over Rosa's and the DOT's equal protection claims and/or substantive due process claims that are asserted under federal law. Finally, upon considering judicial economy, convenience, fairness and comity, this court is the proper forum for adjudication of the parties' federal and state claims and defenses regarding the lawful adoption of the new ordinances.

Contrary to the arguments set forth by the DOT, adjudication of the significant constitutional issues by this court is the fairest and most efficacious way to proceed. There are no implications of comity as any ruling by this Court will not run afoul of any ruling by a state court. The prior ruling of the state court was limited to the old ordinances on procedural grounds only (see Ex. BB, T58:6-70:23). There was no ruling made by the state court as to the Borough's lawful authority to pass such ordinances under state law or under the Constitution of the United States of America (see Ex. QQ, 39:3-13). The District Court for the District of New Jersey is as convenient as the Superior Court in Hudson County, and there can be no finding that the handling by this court would not be economical as there has been no discovery, substantive rulings, or case management of the parties' current amended pleadings. In fact, Defendants' filed their Answers to the Amended Complaints in this Court and, pending the outcome of the motion to remand, it is anticipated that the matter will be put on

12

a discovery schedule so that all parties will have a full and fair opportunity to litigate the substantive claims raised by Plaintiffs in their respective amended Complaints in their entirety.

For all of the foregoing reasons, this Court may properly exercise jurisdiction over the federal constitutional claims raised by Rosa, and should not decline to exercise supplemental jurisdiction over Rosa's and the DOT's claims that the Borough's Ordinances violate state law under Title 39.

## POINT III

### NEITHER THE YOUNGER ABSTENTION DOCTRINE NOR THE ROOKER-FELDMAN DOCTRINE SUPPORT A DECLINATION OF JURISDICTION.

After noting that a federal court should only abstain from exercising jurisdiction in a federal action in exceptional circumstances, the DOT summarily argues that the federal court might interfere with state criminal, civil or administrative proceedings if it retains jurisdiction over the claims and defenses in this action based on the Younger doctrine.  However, there is no concurrent criminal, civil or administrative proceeding pending in the matter at bar, so there is no risk of interference and, thus, the DOT's arguments are fundamentally flawed.

As the DOT notes in its brief, it is only after a court determines that there is a pending underlying proceeding, does the court need to delve further into the nature of the claims in the underlying proceeding.  (See Brief at p. 30.)  The DOT tries to muddle the analysis by focusing on the nature of the claims in this action.

13

Clearly <u>this action</u> is not an underlying parallel state action, which is required for Younger abstention to apply. This is because once a case is removed to federal court, the state court is immediately divested of jurisdiction over the entirety of the case, unless and until an order of remand is entered.  28 <u>U.S.C.</u> §1446(d).

The DOT then proceeds to characterize the claims in this action as "quasi-criminal". Such a characterization is just plainly wrong. The DOT argues that the new ordinances were adopted to evade the court's ruling; however, as the ordinances indicate on their faces, the ordinances were adopted to comply with the court's procedural invalidation ruling. The DOT's disingenuous characterization is made to try to bring the matter within the <u>Younger</u> doctrine; but, the <u>Younger</u> doctrine is not implicated in this matter, as there is no underlying criminal or even "quasi-criminal" action against the Borough. Rather, as noted by Justice Ginsburg in <u>Sprint Communications, Inc. v. Jacobs</u>, 571 U.S. 69, 77 (2013) in ruling that the <u>Younger</u> doctrine did not bar the federal court's adjudication of the claims in that matter,

> [f]ederal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." <u>Cohens v. Virginia</u>, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821). Jurisdiction existing, this Court has cautioned, a federal court's "obligation" to hear and decide a case is "virtually unflagging." Id, citing <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Indeed, abstention from the exercise of federal subject matter jurisdiction is the exception, not the rule.  <u>Id.</u> at 813 (quoting <u>County of Allegheny v. Frank</u>

14

Mashuda Co., 360 U.S. 185, 188-89 (1959)).  Based on the foregoing, there is plainly no basis for Younger abstention to apply in the matter at bar, and this court should not abstain from retaining jurisdiction over the claims in the Amended Complaints based on the Younger doctrine.

The Rooker-Feldman doctrine is also not implicated and is also not a basis for this court to decline jurisdiction over Rosa's federal claims.  Essentially, the Rooker-Feldman doctrine is applicable solely to bar an action that is a functional equivalent of an appeal from a state court judgment. The United States Supreme Court in Exxon Mobil Corp v. Saudi Basic Industries Corp., 544 U.S. 280 (2005) described the doctrine as follows:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

Id. at 284.  Exxon-Mobil Corp. further held that Rooker-Feldman is not triggered simply by the entry of judgment in state court when there is parallel state and federal litigation, and "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Id. at 286.

15

The Court addressed the doctrine again the following year in <u>Lance v. Dennis</u>, 546 <u>U.S.</u> 459 (2006).  Following discussion of the "narrow doctrine" that only applies in "limited circumstances" the Court ruled that <u>Rooker-Feldman</u> is only applicable where a party in effect seeks to take an appeal of an <u>unfavorable </u>state-court decision to a lower federal court.  <u>Id.</u> at 466 (citing <u>Exxon Mobil</u> at 291).  <u>Lance</u> further held, "[t]he *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment."  <u>Id</u>.

Since neither Plaintiffs nor Defendants are attempting to appeal a state court judgment to this Court, the narrow <u>Rooker-Feldman</u> doctrine is wholly inapplicable to the instant matter.  This is especially true since the adjudication of the new claims are not inextricably intertwined with the court's ruling on the original claims regarding the old ordinances.  Those ordinances, having been invalidated and replaced by the adoption of new ordinances, no longer exist.  And as recognized by the state court when ruling on the DOT's motion to amend, no decision was rendered by the state court on the Borough's lawful authority to restrict traffic in the manner contained in the old ordinances. The only decision made by the Court was that the passage of the ordinance did not comport with the statutory procedure set forth by the Legislature for DOT approval, and then the Court decided the motion for summary judgment <u>in the DOT's favor</u>.

16

In contrast, the adjudication of the new claims depends entirely on the DOT's arguments concerning the Borough's lawful authority to adopt the two new ordinances in the manner adopted, and nothing more.  As the DOT concedes in its Brief, the state court determined that the prior ordinance establishing street closures was invalid because it was not submitted to the DOT Commissioner for approval. (See Brief at p. 38.)  That ruling could not be argued by any party to be dispositive of the claims and defenses based on the new ordinances because that procedural defect was cured by way of the Borough submitting the new Ordinances to the DOT for approval in accordance with the Court's interpretation of the statutory scheme for same. Said issue being decided, all that remains to be litigated in the matter at bar, is, as the DOT argued in its motion to amend the Complaint, whether the Borough had the lawful authority to adopt the new Ordinances and that determination– whether by this court or a state court – will not depend on the prior court ruling invalidating the old ordinances because the new ordinances admittedly were submitted to the DOT for approval.

For all of the foregoing reasons, there are no compelling state interests or circumstances in the matter at bar which makes it necessary for this Court to abstain from deciding the constitutional and lawful authority claims asserted by Plaintiffs in their Amended Complaints.

17

**<u>CONCLUSION</u>**

For all of the foregoing reasons, Defendants respectfully request that the DOT's Motion to Remand to the Superior Court of New Jersey be denied, and that this Court exercise federal subject matter jurisdiction over Rosa's federal constitutional claims, and to not decline to exercise supplemental jurisdiction over the remaining state law claims of both Plaintiffs as set forth in their respective amended complaints.

> **CLEARY GIACOBBE ALFIERI JACOBS, LLC**
> Attorneys for Defendant, Borough of Leonia, Borough of Leonia Council, Judah Zeigler, and Tom Rowe
>
>
> By:     /s/ *Ruby Kumar-Thompson*
>           Ruby Kumar-Thompson, Esq.

Dated: December 21, 2018

18