UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACQUELINE ROSA, | : | HONORABLE ESTHER SALAS, U.S.D.J. |
| Plaintiff, | : | Civil Action No.: 2:18-cv-15534 |
| v. | : | REMOVED FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, |
| BOROUGH OF LEONIA, ET AL., | : | HUDSON COUNTY DOCKET NO.: HUD-L-607-18 |
| Defendants. | : | (CONSOLIDATED) |

| | | |
|---|---|---|
| STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION, | : | *Motion Return Date: January 7, 2019* |
| | : | |
| Plaintiff-Intervenor, | | |
| | : | |
| v. | | |
| | : | |
| BOROUGH OF LEONIA, NEW JERSEY, | | |
| | : | |
| Defendant. | : | |

---

**REPLY BRIEF IN SUPPORT OF THE STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION'S MOTION TO REMAND**

---

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
By:  Philip J. Espinosa
     Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 114
Trenton, New Jersey 08625
(609) 376-3300
Attorney for the State of New Jersey
Department of Transportation

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . 1

FACTUAL AND PROCEDURAL BACKGROUND. . . . . . . . . . . . . 2

ARGUMENT

    I.    THIS COURT LACKS JURISDICTION BECAUSE THE TIME
        FOR THE REMOVAL OF THIS CASE HAS LONG SINCE
        EXPIRED. . . . . . . . . . . . . . . . . . . . . . . 3

    II.   THIS COURT SHOULD DECLINE TO EXERCISE ITS
        SUPPLEMENTAL JURISDICTION REGARDING THE
        NJDOT'S CLAIMS. . . . . . . . . . . . . . . . . . . 8

    III.  THIS COURT SHOULD DECLINE TO EXERCISE
        ITS SUPPLEMENTAL JURISDICTION REGARDING
        THE NJDOT'S CLAIMS PURSUANT TO THE
        YOUNGER ABSTENTION DOCTRINE AND THE
        ROOKER-FELDMAN DOCTRINE. . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

Fletcher v. Hamlet, 116 U.S. 408, 410, 29 L. Ed. 679,
     6 S. Ct. 426 (1886). . . . . . . . . . . . . . . . 3

Rooker v. Fidelity Trust Co., 263 U.S. 413,
     68 L. Ed. 363, 44 S. Ct. 149 (1923). . . . . . . 1, 11, 14

Rosa v. Borough of Leonia, et al.,
     Docket No. HUD-L-607-18, 2018 N.J. Super.
     Unpub. LEXIS 2265 (Law Div. October
     12, 2018). . . . . . . . . . . . . . . 6, 9, 10, 11, 12

Wilson v. Intercollegiate (Big Ten) Conference
     Athletic Ass'n, 668 F. 2d 962, 965 (7th Cir.),
     cert. denied, 459 U.S. 831, 74 L. Ed.2d 70,
     103 S. Ct. 70 (1982). . . . . . . . . . . . . . 3, 4

Younger v. Harris, 401 U.S. 37, 27 L. Ed. 669,
     91 S. Ct. 746 (1971). . . . . . . . . . . . . 1, 10, 14

**Statutes**

28 U.S.C. §1367. . . . . . . . . . . . . . . 1, 8, 10, 14

28 U.S.C. §1446. . . . . . . . . . . . . . . 1, 3, 4, 7, 8

**Municipal Codes and Ordinances**

Leonia Ordinance No. 2018-14. . . . . . . . . . . . . . 2

Leonia Ordinance No. 2018-15. . . . . . . . . . . . . . 2

Leonia Ordinance No. 2018-17. . . . . . . . . . . . . . 2

## PRELIMINARY STATEMENT

In this reply brief, the New Jersey Department of Transportation ("NJDOT") incorporates by reference the factual and procedural background and the legal argument included within the NJDOT's motion brief, except to add certain applicable information and legal argument. In summary, as this brief discusses more fully below, contrary to the arguments within the opposition brief of the Borough of Leonia ("Leonia"), the NJDOT submits that this court lacks jurisdiction because the time for the removal of this case has long since expired and this case does not fall within the revival exception to 28 U.S.C. §1446(b). Moreover, this court in its discretion should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. §1367(c). Further, pursuant to the Younger abstention doctrine and the Rooker-Feldman doctrine, this court in its discretion should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. §1367(c). Accordingly, the NJDOT respectfully submits that an order should be entered remanding this case to the Superior Court of New Jersey, Law Division, Hudson County.

## FACTUAL AND PROCEDURAL BACKGROUND

The NJDOT respectfully incorporates by reference the Factual and Procedural Background included within the NJDOT's motion brief, except to provide the following supplemental information:

On December 4, 2018, the Commissioner of the NJDOT issued a final agency decision (NJDOT Ex. AAA) regarding the NJDOT's review of Leonia's Ordinance Nos. 2018-14, 2018-15 and 2018-17 (hereinafter collectively "the new ordinances"). (NJDOT Ex. CC, DD and UU.) The NJDOT's final agency decision analyzed the applicable law of the State of New Jersey and concluded that Leonia did not have the legal authority to adopt the new ordinances and, therefore, the Commissioner's authority to review these ordinances was not triggered. (NJDOT Ex. AAA.) Accordingly, the NJDOT Commissioner did not approve the new ordinances. (NJDOT Ex. AAA.)

ARGUMENT

POINT I

**THIS COURT LACKS JURISDICTION BECAUSE THE TIME FOR THE REMOVAL OF THIS CASE HAS LONG SINCE EXPIRED.**

The NJDOT respectfully incorporates by reference the legal argument included within Point I of its motion brief.

In addition, this case does not fall within the revival exception to 28 U.S.C. §1446(b). Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir.), cert. denied, 459 U.S. 831, 74 L. Ed. 2d 70, 103 S. Ct. 70 (1982). In Wilson, the Seventh Circuit engrafted an exception onto §1446(b), which revives the time in which a defendant can seek removal to 30 days after the filing of an amended complaint if an amended complaint so changes the nature of an action as to constitute "substantially a new suit begun that day." Id. at 965 (citing Fletcher v. Hamlet, 116 U.S. 408, 410, 29 L. Ed. 679, 6 S. Ct. 426 (1886)). The right to revive must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and against a background of general considerations relating to the proper allocation of decision-making responsibilities between the state and federal courts.

-3-

Id. at 965.   "[T]he district courts, in interpreting and applying section 1446(b), should bear in mind, and where possible avoid, the frictions in a harmonious federal system that result when litigation involving state-law as well as federal-law issues is abruptly shifted into federal court and the state proceedings . . . are set at naught." Id. at 967.

Contrary to Leonia's argument, the revival exception to §1446(b) does not excuse Leonia from complying with the 30-day federal removal requirement within 28 U.S.C. §1446(b)(3). Leonia has not proffered a Third Circuit Court of Appeals case in which the court adopted or rejected the narrow revival exception. However, even if this court were to find the revival exception to be viable in the Third Circuit, the exception does not apply here because the plaintiffs' amended complaints do not so substantially alter the character of the action as to constitute an essentially new lawsuit. Wilson, 668 F.2d at 965. This is not an action whose character has been irretrievably altered or in which the core facts and parties are no longer recognizable.

In this case, a review of the amended complaints filed in the State court action reveals that although the plaintiffs revised the factual allegations to reflect Leonia's

-4-

new ordinances, neither the claims nor the potential liability have so changed as to warrant application of the revival exception.   While the amended complaints now assert claims regarding Leonia's new ordinances, the addition of those claims have not created an essentially new lawsuit. Ibid.   Although the amended complaints filed by both Ms. Rosa and the NJDOT address the new ordinances, the new ordinances are simply a bifurcation of the old ordinances. (NJDOT Ex. B, C, D, CC, DD and UU.) Both the old ordinances and the new ordinances regulate traffic based on a residency classification or based upon a motorist's destination, they create an impact on a State highway, and they create no through streets with no legal authority to do so regarding essentially the same streets and time frames.   (NJDOT Ex. B, C, D, CC, DD and UU.)   As such, because Leonia merely divided the traffic restrictions from the old ordinances into separate iterations within the new ordinances, there is no meaningful difference between the two sets of ordinances.   (NJDOT Ex. B, C, D, CC, DD and UU.)

Moreover, Ms. Rosa has asserted essentially the same federal claims in her second amended complaint that she asserted in her first amended complaint of February 12, 2018, her order to show cause papers filed on May 4, 2018, and her motion for

summary judgment filed on July 16, 2018. (NJDOT Ex. G, K, U and SS.)   Additionally, the NJDOT asserted only state law claims in both its complaint and its amended complaint and seeks the same relief. (NJDOT Ex. S and TT.)   The amended complaints are essentially a continuation of the ongoing action between the parties.

Further, the state court addressed the fundamental substantive state law issue on October 12, 2018, when the court denied Leonia's motion for reconsideration or for a stay (NJDOT Ex. NN) and granted the NJDOT's and Ms. Rosa's motions for leave to file an amended complaint (NJDOT Ex. OO and PP). (A copy of the transcript of the oral argument of October 12, 2018 is attached as NJDOT Ex. QQ.)   In the court's written decision denying Leonia's motion for reconsideration or for a stay, which concerned the old ordinances, and which regard essentially the same streets and limitations found within Leonia's new ordinances, Judge Bariso stated:

> [A]ny right of Leonia to pass ordinances
> restricting the flow of traffic in a matter
> that creates "no through" streets could only
> have arisen by legislation, and there has
> been none.   The power to designate "no
> through" streets is not among the powers
> granted by Leonia in Title 39, nor is such
> power granted by any other provision of our
> statutes.

-6-

[NJDOT Ex. RR, <u>Rosa v. Borough of Leonia, et al.</u>, Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018).]

Following this determination by the state court, on October 12, 2018, Ms. Rosa and the NJDOT filed their amended complaints. (NJDOT Ex. SS and TT.)

Leonia removed this case to federal court after substantial State court proceedings, which have been largely unfavorable to Leonia. Leonia's removal interrupted an active litigation, reduced judicial economy, and likely delivered a potential unearned tactical advantage into the hands of Leonia. It more likely that Leonia removed this case because it was doing badly in the State court than because it felt that the amended complaints confronted it with such a different case from the one it had been fighting in that court.

Therefore, Leonia is not entitled to the benefit of the revival exception to §1446. As such, this court should determine that Leonia's notice of removal was untimely under §1446(b)(3) because it was not filed within 30 days of Leonia's receipt of Ms. Rosa's first amended complaint of February 12, 2018, which is when Leonia should have first ascertained that

-7-

this case was removable.   28 U.S.C. §1446(b)(3).   Accordingly, remand to the State court is warranted.

## POINT II

**THIS COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION REGARDING THE NJDOT'S CLAIMS.**

The NJDOT respectfully incorporates by reference the legal argument included within Point II of its motion brief.

In addition, Leonia's argument conflates the complexity of the applicable State law with the clear analysis of that law.   In this regard, under 28 U.S.C. §1367(c)(1), a district court may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law. In this case, to determine the merits of the NJDOT's claims, a court must consider the interrelationship between various New Jersey statutes, including Title 39; the overall structure of delegated authority for traffic regulation by the New Jersey Legislature; and the applicable powers and responsibilities of the commissioner of a New Jersey state agency, the NJDOT Commissioner. Moreover, the question of whether a municipality lacks the legal authority to designate no through streets presents a novel issue that has been addressed

by the New Jersey courts for the first time by the state court in this case.  (NJDOT Ex. RR, <u>Rosa v. Borough of Leonia, et al.</u>, Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018).)  Additionally, the majority of the claims in this case--and all of the NJDOT's claims--are grounded exclusively in state law.  Therefore, state law predominates in this case.

Further, contrary to Leonia's argument, the state court addressed the fundamental substantive state law issue on October 12, 2018, when the court denied Leonia's motion for reconsideration or for a stay (NJDOT Ex. NN) and granted the NJDOT's and Ms. Rosa's motions for leave to file an amended complaint (NJDOT Ex. OO and PP).  The court's written decision denying Leonia's motion for reconsideration or for a stay provided that any right of Leonia to pass ordinances restricting the flow of traffic in a matter that creates "no through" streets could only have arisen by legislation, and there has been none.  (NJDOT Ex. RR, <u>Rosa v. Borough of Leonia, et al.</u>, Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018).)  The power to designate "no through" streets is not among the powers granted by Leonia in Title 39, nor is such power granted by any other provision of

our statutes, the state court determined.   (NJDOT Ex. RR, <u>Rosa</u> <u>v. Borough of Leonia, et al.</u>, Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018).) This substantive analysis under State law by the state court applies to both the old ordinances, as well as the new ordinances at issue in the amended complaints, and concern essentially the same streets and traffic limitations.

Additionally, the state court is fully capable of fairly and properly addressing both the federal and the state law claims. However, Leonia, seemingly disappointed by the rulings of the state court, has removed this action to federal court under the guise that the new ordinances are something more than a new iteration of the old ordinances, in an apparent effort to avoid potential future unfavorable state court rulings.

For the foregoing reasons, and the reasons asserted in the NJDOT's motion brief, the NJDOT respectfully submits that this court, in its discretion, should decline to exercise supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. §1367(c)(1), (2) and (4).

<u>POINT III</u>

**THIS COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION REGARDING THE NJDOT'S CLAIMS PURSUANT TO THE <u>YOUNGER</u> ABSTENTION DOCTRINE AND THE <u>ROOKER-FELDMAN</u> DOCTRINE.**

The NJDOT respectfully incorporates by reference the legal arguments included within Point III and Point IV of its motion brief.

In addition, contrary to Leonia's argument, the state court has addressed the fundamental substantive state law issue on October 12, 2018, when the court denied Leonia's motion for reconsideration or for a stay (NJDOT Ex. NN) and granted the NJDOT's and Ms. Rosa's motions for leave to file an amended complaint (NJDOT Ex. OO and PP). (A copy of the transcript of the oral argument of October 12, 2018 is attached as NJDOT Ex. QQ.) The state court's written decision denying Leonia's motion for reconsideration or for a stay concerned the old ordinances that Leonia adopted, which regard essentially the same streets and limitations found within Leonia's new ordinances. The state court determined that any right of Leonia to pass ordinances restricting the flow of traffic in a matter that creates "no through" streets could only have arisen by legislation, and there has been none. (NJDOT Ex. RR, <u>Rosa v. Borough of Leonia,</u>

-11-

et al., Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018). The state court further determined that the power to designate "no through" streets is not among the powers granted by Leonia in Title 39, nor is such power granted by any other provision of our statutes. (NJDOT Ex. RR, Rosa v. Borough of Leonia, et al., Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018).)

The NJDOT has pursued this action against Leonia in its sovereign capacity, seeking to have the state court declare Leonia's ordinances legally invalid as a matter of law because Leonia exceeded its legally delegated authority under state law. (NJDOT Ex. S and TT.) Moreover, despite the state court's order of August 30, 2018, which declared the old ordinances legally invalid as a matter of law and restrained Leonia from its further enforcement, on September 17, 2018, Leonia adopted the new ordinances, essentially bifurcating the old ordinances (NJDOT Ex. B, C and D) into the separate new ordinances (NJDOT Ex. CC, DD and UU). This appeared to be an effort by Leonia to evade the substance of the state court's August 30, 2018 order through the adoption of the new ordinances. Thereafter, on October 12, 2018, the state court denied Leonia's motion for

reconsideration or for a stay of the state court's August 30, 2018 order. (NJDOT Ex. NN and RR.)  The court then granted the NJDOT's and Ms. Rosa's motions to file amended complaints regarding the new ordinances. (NJDOT Ex. OO and PP.) But rather than properly filing an answer to these amended complaints in the state court, and seven months having passed since Leonia filed its answer to Ms. Rosa's first amended complaint, Leonia was apparently dissatisfied with the state court's rulings and filed its notice of removal.

The underlying state court action involves, and has addressed, important state interests regarding the NJDOT Commissioner's authority under Title 39, as well as the scope of a municipality's delegated authority to adopt and enforce certain traffic ordinances. Moreover, the NJDOT has not asserted any federal claims in this case.

Additionally, this case has been complicated by Leonia's continuing adoption of new iterations of its old ordinances, thereby prolonging the ultimate resolution of the NJDOT's claims. Leonia has now further and unfairly delayed the resolution of this matter by removing this case to this court. However, the thrust of this litigation has been, and continues to be, the NJDOT's attempt to enjoin and restrain Leonia from

-13-

performing an unlawful act, namely, the adoption and enforcement of its legally invalid no through street traffic ordinances. Essentially, but for Leonia's adoption of the new ordinances, the parties have already litigated the issues in this case, which would have been subject to appeal in the Superior Court of New Jersey, Appellate Division.

Accordingly, both the Younger abstention doctrine and the Rooker-Feldman doctrine present compelling reasons for this court to decline to exercise its supplemental jurisdiction over the NJDOT's claims, pursuant to 28 U.S.C. §1367(c)(4).

## CONCLUSION

For the foregoing reasons, the NJDOT respectfully submits that an order should be entered remanding this case to the Superior Court of New Jersey, Law Division, Hudson County.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:  s/ Philip J. Espinosa
     Philip J. Espinosa
     Deputy Attorney General

Dated: December 31, 2018

-14-