# NJDOT EXHIBIT AAA



## State of New Jersey

DEPARTMENT OF TRANSPORTATION
P.O. Box 600
Trenton, New Jersey 08625-0600

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

DIANE GUTIERREZ-SCACCETTI
*Commissioner*

December 4, 2018

Brian M. Chewcaskie, Borough Attorney
Borough of Leonia
2200 Fletcher Avenue
9W Office Center
Fort Lee, New Jersey 07024

Dear Mr. Chewcaskie:

Thank you for your letters dated October 10, 2018, October 12, 2018, and October 23, 2018, seeking approval of Leonia Borough ("Leonia") Ordinance Nos. 2018-15, 2018-14 and 2018-17 ("the ordinances") pursuant to N.J.S.A. 39:4-8(a).

- Leonia Ordinance No. 2018-14, if approved and implemented, would restrict the use of approximately 32 streets listed therein during nine specified hours of the day, to Leonia residents, those with a demonstrable need to access the streets listed, or those who are traveling to or from a Leonia destination.
- Leonia Ordinance No. 2018-15, if approved and implemented, would restrict the use of approximately 23 streets listed therein during nine specified hours of the day, to Leonia residents, those with a demonstrable need to access the streets listed, or those who are traveling to or from a Leonia destination.
- Leonia Ordinance No. 2018-17 amends Ordinance Nos. 2018-14 and 2018-15 by moving a traffic regulation regarding Fort Lee Road-eastbound/Station Parkway (Southbound from Fort Lee Road/No Right Turn) from 2018-14 to 2018-15.

The effect of the ordinances is to designate the listed streets as no through streets for other than those motorists listed in the ordinances, during the nine hours indicated on each day.

As a threshold matter, I note that the Transportation Act of 1966 authorizes the Commissioner of Transportation to develop and promote efficient transportation services and coordinate the activities of the New Jersey Department of Transportation ("NJDOT") with other public agencies and authorities. N.J.S.A. 27:1A-5. The NJDOT, pursuant to N.J.S.A. 27:1A-1, is

also responsible for promoting an "efficient, fully integrated and balanced transportation system" throughout New Jersey.

In addition, pursuant to N.J.S.A. 39:4-8(a), "[e]xcept as otherwise provided in this section, no ordinance, resolution, or regulation concerning, regulating, or governing traffic or traffic conditions, adopted or enacted by any board or body having jurisdiction over highways, shall be of any force or effect unless the same is approved by the [NJDOT] commissioner, according to law." (Explanation added.) The NJDOT Commissioner is not required to approve any ordinance, resolution, or regulation, unless, after investigation by the NJDOT Commissioner the same shall appear to be "in the interest of safety and the expedition of traffic on the public highways." N.J.S.A. 39:4-8(a).

Based on meetings between Leonia officials and the NJDOT's Bureau of Traffic Engineering, I understand that Leonia has been concerned about a high volume of traffic during commuter rush hours using Leonia's streets as an alternative means from either Route 80 or Route 46 to commute across the George Washington Bridge. This high volume of commuter traffic makes Leonia residents' own commutes and regular travel slower and raises the attendant public safety concerns as well as concerns about the speed of Leonia's police, fire and ambulance response time as well. As part of those discussions, the NJDOT's Bureau of Traffic Engineering has suggested means, other than those in the ordinances, to address Leonia's concerns. Nonetheless, pursuant to N.J.S.A 39:4-8(a), Leonia has presented the ordinances for my review and approval.

Under New Jersey law, including N.J.S.A. 39:4-8, which is cited in your letters, Leonia does not have the authority to restrict the use of public streets only to municipal residents or to those travelling to or from a destination within that municipality, thereby establishing no through streets. In this regard, when interpreting a statute, the best indicator of the Legislature's intent is the statutory language. DiProspero v. Penn, 183 N.J. 477, 492 (2005). If the plain language leads to a clear and unambiguous result, then the interpretive process should end, without resort to extrinsic sources. Ibid. Additionally, in interpreting the meaning of a statute, the New Jersey Supreme Court has placed great weight on the interpretation of legislation by the administrative agency to whom its enforcement is entrusted. Peper v. Princeton University Board of Trustees, 77 N.J. 55, 70 (1978). And where an agency has based its statutory interpretation on an opinion by the Attorney General, our Supreme Court has held that a court should attach weight to the Attorney General's opinion. Ibid.

Under Formal Opinion-1955 No. 5, rendered by then Attorney General Grover C. Richman Jr., *"There is no inherent power vested in a municipality by which it may legally restrict the right of the public to the free use of streets and roads. Any right of the municipality to pass ordinances and resolutions regarding the flow of traffic over its streets and highways can arise only by legislative grant; and there has been none."* Simply put, the power to designate so-called no through streets is not among the powers granted to a municipality by N.J.S.A. 39:4-197, nor is such power granted by any other provision of our statutes. Formal Opinion No. 5, N.J. Attorney General (1955). This Attorney General opinion remains legally valid and provides persuasive authority because, while the Legislature has amended Title 39 several times, and has specifically amended N.J.S.A. 39:4-8, most recently in 2008, to extend certain additional traffic regulation

powers to municipalities and counties, through those amendments it has never extended to municipalities the authority to adopt no through street ordinances, such as Leonia has done by adopting the ordinances.

Beginning with the present day, within N.J.S.A. 39:4-8, we see that in sections (b), (c) and (d), the Legislature has granted municipalities the authority to establish by ordinance certain very specific traffic regulations; however, none of those grants of authority allows a municipality to create a no through street. For instance, pursuant to N.J.S.A. 39:4-8(b)(1), a municipality may, without the NJDOT Commissioner's approval, establish by ordinance, resolution or regulation any of the provisions contained in N.J.S.A. 39:4-197. Pursuant to N.J.S.A. 39:4-197, a municipality may adopt a traffic ordinance within the limitations of N.J.S.A. 39:4-197, which provides:

> Except as otherwise provided in R.S.39:4-8, no municipality shall pass an ordinance or resolution on a matter covered by or which alters or in any way nullifies the provisions of this chapter or any supplement to this chapter; except that a municipality may pass, without the approval of the commissioner, and consistent with the current standards prescribed by the Manual on Uniform Traffic Control Devices for Streets and Highways, ordinances or resolutions, or by ordinances or resolutions may authorize the adoption of regulations by the board, body, or official having control of traffic in the public streets, regulating special conditions existent in the municipality *on the subjects and within the limitations following* . . . .

[N.J.S.A. 39:4-197; emphasis added.]

Following this language, N.J.S.A. 39:4-197 lists the potential traffic subject matters that fall within these limitations. The ordinances do not fall within the scope of these limitations. Pursuant to N.J.S.A. 39:4-8(c), a municipality may pass ordinances concerning the items listed in (1) through (9). Similarly, a municipality may regulate traffic as specifically provided in N.J.S.A. 39:4-8(d) and (e).

Under N.J.S.A. 39:4-8(a), however, the Legislature limited the municipal authority created in (b), (c) and (d) and (e), by the language in (a). N.J.S.A. 39:4-8 (a) provides, "Notwithstanding any other provision of this section to the contrary, any municipal . . . ordinance, resolution, or regulation which places any impact on a State roadway" shall require the approval of the NJDOT Commissioner. N.J.S.A. 39:4-8(a) (third paragraph). The NJDOT Commissioner need only approve such an ordinance if she finds it is "in the interest of safety and the expedition of traffic on the public highways."

In that instance,

> [t]he commissioner may invalidate the provisions of the ordinance, resolution, or regulation if the commissioner finds that the provisions of the ordinance, resolution, or regulation are

> inconsistent with the Manual on Uniform Traffic Control Devices for Streets and Highways, inconsistent with accepted engineering standards, are not based on the results of an accurate traffic and engineering survey, or place an undue traffic burden or impact on the State highway system, or affect the flow of traffic on the State highway system.
>
> [N.J.S.A. 39:4-8(a)(fourth paragraph).]

The language in the first sentence of N.J.S.A. 39:4-8(a) states essentially the same thing as the third paragraph, but does not contain the "impact to a State roadway" language. That language has consistently been interpreted as being consistent with the third paragraph and not as a creating another category of ordinances over which the NJDOT Commissioner has approval authority. But even if it were held to expand authority, it would only expand the NJDOT Commissioner's authority to review and not a municipality's authority to adopt an ordinance.

Critically, before ever reaching the NJDOT Commissioner's review, as explained in the 1955 Attorney General opinion, there must be an affirmative grant of authority to the municipality to adopt any specific ordinance. Our Legislature has not established authority under Title 39, or elsewhere under any provision of our statutes, for Leonia through the ordinances to have restricted access to certain streets depending on a residency classification or based on whether a person is seeking to travel to and/or from a Leonia destination. And, as noted earlier, while the Legislature has amended Title 39 several times, most recently in 2008, to extend certain additional traffic regulation powers to municipalities and counties, the Legislature has never extended such authority to municipalities. In this regard, as the Honorable Peter F. Bariso, Jr., A.J.S.C., has stated in an action in the New Jersey Superior Court in Hudson County, concerning earlier ordinances that Leonia adopted regarding essentially the same streets and limitations:

> [A]ny right of Leonia to pass ordinances restricting the flow of traffic in a matter that creates "no through" streets *could only have arisen by legislation, and there has been none.* The power to designate "no through" streets is not among the powers granted by Leonia in Title 39, nor is such power granted by any other provision of our statutes.
>
> [Rosa v. Borough of Leonia, et al., Docket No. HUD-L-607-18, 2018 N.J. Super. Unpub. LEXIS 2265, at 29 (Law Div. October 12, 2018) (emphasis added).]

Thus, in the 63 years since the issuance of the Attorney General's 1955 opinion, while the New Jersey State Legislature has amended the applicable statutes, none of these amendments has established the necessary grant of authority discussed in the opinion. As such, the Attorney General's 1955 opinion and its underlying rationale remain the appropriate analysis; accordingly, there is no legal basis on which the ordinances could have been passed and hence, my authority to review them has not been triggered. As a result, Ordinance Nos. 2018-14, 2018-15 and 2018-17 are not approved. This is my final decision on this matter. Any review hereof may only be taken

pursuant to the New Jersey Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., and the New Jersey Court Rules.

Sincerely,

*[signature]*

Diane Gutierrez-Scaccetti
Commissioner