# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

RUBY KUMAR-THOMPSON, Partner
rkumarthompson@cgajlaw.com

**Reply to: Oakland Office**

February 4, 2019

**VIA ELECTRONIC FILING**
Honorable Esther Salas, U.S.D.J.
United States District Court, District of New Jersey
MLK Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street, Room 5076
Newark, New Jersey 07102

    Re: **Jacqueline Rosa/DOT v. Borough of Leonia, et al.**
          **Civil Action No. 2:18-cv-15534-ES-MAH**

Dear Judge Salas:

    As you are aware, this office represents the Defendants, Borough of Leonia, Borough of Leonia Council, Judah Zeigler, and Tom Rowe in the above-captioned matter. We are writing to object to the Letter dated January 30, 2019 from the Attorney General's Office on behalf of the State of New Jersey Department of Transportation.

    First, objection is made on the basis that the DOT's submission was filed without the Court's permission in contravention of Local Rule 7.1(d)(6). Second, there is no significance in bringing the Notice of Appeal to the District Court's attention as the mere filing of an appeal from the DOT Commissioner's Final Agency Decision does not require the District Court to abstain from exercising original jurisdiction over the constitutional claims raised in this matter. This is because the Commissioner's final agency decision with respect to the Ordinances submitted for approval by Leonia pursuant to N.J.S.A. 39:4-8(a) is not the type of state civil enforcement proceeding to which the Younger doctrine applies. See ACRA Turf Club v. Zanzuccki, 748 F.3d 127, 138-41 (3d Cir. 2014), citing Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 77 (2013).

    If anything, the filing of the Appeal provides a basis for a summary denial of the DOT's Motion to Remand as the Superior Court of New Jersey no longer has jurisdiction to decide the state law issues raised in both the DOT's Complaint and in the Commissioner's final agency decision that is on appeal. See New Jersey Court Rule 2:2-3(a)(2); and Kiernan v. Kiernan, 355 N.J. Super. 89, 94 (App. Div. 2002) (holding that pursuant to Court Rule 2:9-1(a) issues on appeal are within the exclusive control of the Appellate Division).

**Oakland Office: 169 Ramapo Valley Road, UL 105, Oakland, NJ 07436 Tel 973 845-6700 Fax 201 644-7601**
Somerville Office: 50 Division Street, Suite 501, Somerville, NJ 08876 Tel 732 583-7474 Fax 201 644-7601
Matawan Office: 955 State Route 34, Suite 200, Matawan, NJ 07747 Tel 732 583-7474 Fax 732 290-0753

www.cgajlaw.com

Thank you in advance for Your Honor's courtesies with respect to this matter.

Respectfully submitted,

*/s Ruby Kumar-Thompson*
RUBY KUMAR-THOMPSON

RKT:mag
cc:     Jacqueline Rosa, Esq. (via ECF only)
        Phillip J. Espinoza, Esq. (via ECF only)
        Donald A. Klein, Esq. (via ECF only)