*State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 114
TRENTON, NJ 08625-0114

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

February 4, 2019

***Via Electronic Filing***
Honorable Esther Salas, U.S.D.J.
Martin Luther Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re: Jacqueline Rosa v. Borough of Leonia, et al.
           Civil Action No. 2:18-cv-15534

           ***Motion to Remand Filed By the State of New Jersey Department of Transportation***
           ***Motion Return Date: January 7, 2019***

Dear Judge Salas:

      We represent the State of New Jersey Department of Transportation ("NJDOT") in this case. In this regard, we respectfully request that Your Honor consider this letter in reply to the February 4, 2019 letter from Borough of Leonia ("Leonia").

      As a threshold matter, the NJDOT's letter of January 30, 2019 did not include any legal argument or comment, and only advised Your Honor of Leonia's notice of appeal to the Superior Court of New Jersey, Appellate Division of the NJDOT's final agency decision of December 4, 2018 (NJDOT Ex. AAA). Therefore, the NJDOT has not filed a sur-reply.

      However, Leonia's letter of February 4, 2019 is an improper sur-reply, including legal argument, contrary to L. Civ. R. 7.1(d)(6). Nevertheless, if Your Honor will be considering



Leonia's sur-reply of February 4, 2019, we respectfully request that Your Honor also consider the following response on behalf of the NJDOT.

Leonia's letter of February 4, 2019 confuses the process for the two separate, but related, state actions. The first is the NJDOT's state action against Leonia, seeking declaratory and injunctive relief pursuant to applicable state law, which is the subject of the NJDOT's pending motion to remand to the New Jersey Superior Court, Law Division, Hudson County (the "current action"). In the current action, the NJDOT has properly sought declaratory and injunction relief against Leonia, pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50, and the New Jersey Rules of Court addressing actions in lieu of prerogative writs, Rule 4:69-1 to -7. The second state action concerns Leonia's request for the NJDOT's review of its ordinances (the "agency action"), which resulted in the noted final agency decision and Leonia's recent appeal to the New Jersey Superior Court, Appellate Division. In the agency action, as a party appealing from a final decision of a state agency, the NJDOT, Leonia has filed its notice of appeal in the Superior Court, Appellate Division, pursuant to Rule 2:2-3(a)(2). By its actions, Leonia has apparently attempted to evade the jurisdiction of the Superior Court, Law Division, Hudson County, both by filing its notice of removal to this court in the current action and submitting legally invalid ordinances to the NJDOT as a pretext for an appeal to the Superior Court, Appellate Division in the agency action.

Additionally, Leonia's reliance on Kiernan v. Kiernan, 355 N.J. Super. 89 (App. Div. 2002), a divorce action, is misplaced. In Kiernan, the Appellate Division held that Rule 2:9-1(a) divested the lower court of jurisdiction to hear a motion for reconsideration on a judgment that was pending appeal. Kiernan, 355 N.J. Super. at 93-94. Here, Leonia's appeal is limited to the NJDOT Commissioner's final agency decision in the agency action, and is not an appeal of a judgment regarding the NJDOT's affirmative claims against Leonia, which are the subject of the current action. Simply put, while the two actions are related, Leonia's pending appeal in the agency action does not divest the Superior Court of New Jersey, Law Division, Hudson County, of its jurisdiction to decide the NJDOT's state law claims in the current action.

Thank you.

Respectfully yours,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: s/ Philip J. Espinosa
Philip J. Espinosa
Deputy Attorney General

cc: All Counsel of Record (via electronic filing)