## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————— :
                                              :
**JACQUELINE M. ROSA,**                        :        **Civil Action No. 18-15534 (ES) (MAH)**
                                              :
**Plaintiff,**             :
                                              :
**v.**                        :        **REPORT AND RECOMMENDATION**
                                              :
**BOROUGH OF LEONIA, et al.,**                 :
                                              :
**Defendants.**            :
—————————————————————— :

## I.    INTRODUCTION

This matter is before the Court on the motion of Intervenor Plaintiff, State of New Jersey

Department of Transportation ("NJDOT"), to remand the action to the Superior Court of New

Jersey, Law Division, Hudson County.  *See* Pl. Br. In Support of Mot. to Remand, D.E. 3-3.

Plaintiff Jacqueline Rosa and the City of Englewood[1] join in the NJDOT's motion.  D.E. 5, 7.

The Defendants, which consist of the Borough of Leonia, its Mayor, and its former Acting Clerk,

oppose the motion.  D.E. 10.

The District Court referred this matter to the Undersigned to issue a Report and

Recommendation.  This Court has considered the matter without oral argument pursuant to

Federal Rule of Civil Procedure 78.  For the reasons set forth herein, the Court respectfully

recommends that the District Court grant Plaintiffs' motion, decline to exercise supplemental

jurisdiction, remand this matter in its entirety to the Superior Court of New Jersey, Law Division,

Hudson County, and deny the NJDOT's request for attorneys' fees and costs.

---

[1]  Englewood had a motion to intervene pending when Leonia removed the case to this Court.
Letter, Nov. 21, 2018, D.E. 7.  Englewood has not re-filed the application to intervene in this
matter, although its counsel has filed an appearance and joined in the NJDOT's remand motion.

## II.     BACKGROUND

The central question in this motion is whether the revival doctrine, also known as the

revival exception, operates to extend the Defendants' thirty-day removal window under 28

U.S.C. § 1446(b).    This Court's research discloses that only the Fifth Circuit and Seventh

Circuit have recognized the revival exception and, even then, under limited circumstances.  *See*

*Wilson v. Intercollegiate (Big Ten) Conference A.A.*, 668 F.2d 962 (7th Cir. 1982); *Johnson v.*

*Heublein Inc.*, 227 F.3d 236 (5th Cir. 2000).  *See also State ex rel. Slatery v. Tennessee Valley*

*Auth.*, 311 F. Supp.3d 896, 903 (M.D. Tenn. 2018) (describing revival exception as "rarely-

granted"); *Flora v. Luzerne County of Pennsylvania*, Civ. No. 13-1478, 2013 WL 4520854, at *2

(M.D. Pa. Aug. 26, 2013) (noting that "[n]umerous courts since *Johnson* have considered the

revival exception in relation to amended complaints and a majority have declined to find the

exception applicable").  The Third Circuit has neither recognized nor rejected the revival

doctrine.  *Flora,* 2013 WL 4520854, at *2.  The Court concludes, however, that even if the Third

Circuit recognized the revival doctrine, the circumstances of this case do not warrant its

application.

This case involves legal challenges to the Borough of Leonia's ("Leonia") efforts to

restrict the flow of through-traffic on certain of its streets.  In late December 2017 and early

January 2018, to address long-standing traffic issues within Leonia, the Borough of Leonia

Council ("Council") adopted ordinances that restrict access to certain streets within Leonia

during certain times.  Leonia also established penalties for any person determined to have

violated the ordinances.  NJDOT's Moving Certification, Nov. 16, 2018, Exh. B, Ordinance No.

2017-19, Exh. C., Ordinance No. 2018-2, and Exh. D, Ordinance No. 2018-5.  The ordinances,

however, contained exceptions for Leonia residents and persons traveling to or from a Leonia address.

Plaintiff Jacqueline Rosa commenced the instant action in the Superior Court of New Jersey, Law Division, Bergen County, on January 30, 2018 by filing a Complaint in Lieu of a Prerogative Writ seeking invalidation of Ordinances Nos. 2017-19, 2018-2, and 2018-5.  *Id.* at Exh. E, Complaint.  Plaintiff Rosa's complaint was transferred to the Superior Court of New Jersey, Law Division, Hudson County, on February 6, 2018.  *Id.* at Exh. F, Order transferring action.  On February 12, 2018, Plaintiff Rosa filed an amended complaint.[2]  The February 12th Amended Complaint challenged the ordinances on several grounds.  It alleged that the ordinances violated Plaintiff Rosa's Fifth Amendment rights and sought redress under 42 U.S.C. § 1983.  Plaintiff Rosa also claimed that the ordinances violated the Interstate Commerce Clause, as well as state statutory law.  *Id.* at Exh. G, February 12th Amended Complaint.  On June 11, 2018, the NJDOT intervened in the suit and filed a Complaint for a Declaratory Judgment and for an Action in Lieu of Prerogative Writs against Leonia, claiming that the ordinances violated state law.  *Id.* at Exh. S, Complaint.

---

[2]  Plaintiff Rosa filed two amended complaints that are relevant to the remand motion: (1) the amended complaint that she filed on February 12, 2018; and (2) the amended complaint that she filed on October 12, 2018.  They are both captioned "Amended Complaint in Lieu of Prerogative Writ."  To avoid confusion, the Court will refer to the February 12, 2018 amended complaint as the "February 12th Amended Complaint," and the October 12, 2018 amended complaint as the "October 12th Amended Complaint."

A brief overview of the ordinances at issue might be useful.  Plaintiff Rosa's February 12th Amended Complaint challenges Ordinance Nos. 2017-19, 2018-2, and 2018-5.  NJDOT's Moving Certification, Nov. 16, 2018, at Exh. G, February 12th Amended Complaint.  Plaintiff Rosa's October 12th Amended Complaint challenges Ordinance Nos. 2018-14 and 2018-15.  *Id.* at Exh. SS. Ordinances Nos. 2017-19, 2018-2, and 2018-5 were codified in Leonia's Municipal Code at Sections 194-25.1 and 194-49.  Ordinances Nos. 2018-14 and 2018-15 amended Sections 194-25.1 and 194-49.

The NJDOT and Plaintiff Rosa separately moved for summary judgment.  Leonia opposed the motions and cross-moved for summary judgment.  *Id.* at Exhs. U, V, W (motions for summary judgment).  In August 2018, the state court denied Defendants' and Plaintiff Rosa's motions for summary judgment, but granted summary judgment in favor of the NJDOT.  The state court found that the ordinances were legally invalid, and restrained Leonia from enforcing them.  *Id.* at Exhs. X, Y, Z, AA.  The summary judgment motions did not resolve Plaintiff Rosa's constitutional claims, and therefore the case continued in state court.  *Id.* at Exh. BB, Transcript of Motions for Summary Judgment, at 74.

On September 17, 2018, Leonia adopted Ordinance Nos. 2018-14 and 2018-15.  *Id.* at EE, Letter to Deputy Attorney General, FF, state court record.  Ordinance Nos. 2018-14 and 2018-15 specifically amended Ordinance No. 2017-19.  *Id.*  On October 12, 2018, Plaintiff Rosa and the NJDOT filed amended complaints in the state court action to challenge Ordinances Nos. 2018-14 and 2018-15.  *Id.* at Exhs. SS, TT, Amended Complaints.  Plaintiff Rosa's October 12th Amended Complaint alleged the same claims against Leonia regarding Ordinance Nos. 2018-14 and 2018-15.  *Id.* at Exhs. G, SS.  Similarly, the NJDOT's Amended Complaint challenged Ordinance Nos. 2018-14 and 2018-15 on the same grounds as NJDOT's original challenge.  *Id.* at Exhs. S, TT.  The NJDOT's Amended Complaint also set forth five additional claims against Defendants.  *Id.*  Neither the NJDOT's original complaint, nor its Amended Complaint pleads any federal claims.

On October 31, 2018, Defendants removed the action to this Court.  Notice of Removal, Oct. 31, 2018, D.E. 1.  Defendants predicated removal on the § 1983 and Interstate Commerce Clause claims in Plaintiff Rosa's October 12th Amended Complaint.  *Id.* at ¶¶ 18-21.

On November 16, 2018, the NJDOT filed the instant motion to remand.  Motion to Remand, Nov. 16, 2018, D.E. 3.  Plaintiff Rosa filed a letter with the Court on November 20, 2018, joining in the NJDOT's motion.  Brief, Nov. 20, 2018, D.E. 5.  Englewood also filed a letter joining in the NJDOT's motion to remand.  Letter, Nov. 21, 2018, D.E. 7**.**  On December 21, 2018, Defendants filed a brief in opposition to the motion to remand.  Brief in Opposition, Dec. 21, 2018, D.E. 10.  The NJDOT filed a reply brief on December 31, 2018.  Reply Brief, Dec. 31, 2018, D.E. 11.

## III.    DISCUSSION

As an initial matter, the Court notes that a decision to remand is dispositive.  *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  Accordingly, this Court addresses Plaintiff's motion via Report and Recommendation.

The NJDOT argues that the matter should be remanded to the Superior Court of New Jersey, Law Division, Hudson County because the thirty-day period to remove the case under 28 U.S.C. § 1446(b)(3) has long since passed.[3]  Motion to Remand, Nov. 16, 2018, D.E. 3-3, at 2, 17-22.  Defendants submit that their removal was timely because when Plaintiff Rosa filed the October 12th Amended Complaint and re-asserted the § 1983 and Interstate Commerce Clause claims against Ordinance Nos. 2018-14 and 2018-15, she filed new federal claims that revived

---

[3]  The NJDOT also argues that even if this Court finds that Defendants' removal was proper, this Court nonetheless should decline to exercise its supplemental jurisdiction over the NJDOT's state law claims pursuant to the *Rooker-Feldman* and *Younger* abstention doctrines, and because the NJDOT's claims raise novel issues and their state claims predominate over the constitutional claims.  Motion to Remand, Nov. 16, 2018, D.E. 3-3, at 23-39.  Because the Court determines that the removal was improper, the Court need not reach these arguments.

the Defendants' right to remove.  Therefore, Defendants contend that this case falls squarely

within the judicially-created revival exception to the thirty-day limit for removal pursuant to 28

U.S.C. § 1446(b)(1).  Brief in Opposition, Dec. 21, 2018, D.E. 10, at 7.

### A.  Removal

Removal of a civil case to a federal court is governed by 28 U.S.C. § 1441.  A defendant

may remove an action brought originally in state court only if the plaintiff could have filed the

complaint within the original jurisdiction of the federal court.  28 U.S.C. § 1441(b); *see also* 28

U.S.C. §1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in

a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant . . . to the district court of the United States . . . ").  A federal court

lacking subject matter jurisdiction over a case must remand the matter back to state court.  28

U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that a

federal court cannot proceed without subject matter jurisdiction, nor can a party waive such

jurisdiction).

As the party asserting federal jurisdiction by way of removal, the defendant bears the

burden of establishing that subject matter jurisdiction exists at all stages in which the case is

properly before the federal court.  *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396

(3d Cir. 2004).  Section 1441 is to be construed strictly; all doubts must be resolved in favor of

remand.  *Id*.; *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)

("[R]emoval statutes are to be strictly construed against removal and all doubts should be

resolved in favor of remand.") (citations omitted) (internal quotations marks omitted); *Abels v.*

*State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of [federal]

jurisdiction would make any decree in the case void and the continuation of the litigation in

federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.") (citations omitted).

Title 28, Section 1446(b)(1) of the United States Code states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1).[4] The United States Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). The Court based this interpretation of Section 1446 "in light of a bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. Accordingly, "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (citing *Murphy*, 526 U.S. at 350.).

### B. Remand and the Revival Exception

The state court matter became removable on February 12, 2018, when Plaintiff Rosa filed her first amended complaint that challenged Ordinance 2017-19 (or, in its codified version, Ordinance § 194-25.1) violated her civil rights under 42 U.S.C. § 1983 and the Interstate

---

[4] The United States Court of Appeals for the Third Circuit has interpreted the words "initial pleading" to mean the complaint. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222–23 (3d Cir. 2005).

Commerce Clause.  As noted above, however, Leonia did not remove the matter to federal court until October 31, 2018.  Notice of Removal, D.E. 1.

Leonia argues that its removal to this Court was timely under the revival exception to § 1446(b).   Leonia posits that although it did not remove the matter within thirty days of Plaintiff Rosa's February 12th Amended Complaint, it properly removed the action within thirty days of her October 12th Amended Complaint.  According to Defendants, the October 12th Complaint essentially constitutes a new lawsuit because it challenges "the adoption of two new ordinances on September 17, 2018 and completely removed all claims that had been asserted in connection with the prior ordinances."  Brief in Opposition, Dec. 21, 2018, D.E. 10, at 8.  Defendants also contend that the review and analysis of these new claims will be different because Ordinance Nos. 2018-14 and 2018-15 were submitted to the NJDOT for review and approval, unlike Ordinance Nos. 2017-19, 2018-2, and 2018-5.

The revival exception to § 1446(b) renews the right to remove a case "where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day."  *Wilson v. Intercollegiate (Big Ten) Conference A.A.*, 668 F.2d 962, 965 (7th Cir. 1982); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) ("a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit").  *See also* D. COQUILLETTE ET AL., 16 MOORE'S FEDERAL PRACTICE 3D § 107.140[3][a], at 107-353 to 107-354.  The rationale behind the revival exception is that "'although a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed [in the same case].'"  *Johnson*, 227 F.3d at 242 (quoting *Cliett v. Scott*, 233 F.2d 269, 271

(5th Cir. 1956) (bracketed material in *Johnson*)).  Therefore, revival might be appropriate where "the allegations in the amended complaint [bear] 'no resemblance whatsoever to the allegations of the (original) complaint.'"  *Flora,* 2013 WL 4520854, at \*2 (quoting *Johnson*, 227 F.3d at 242).

But where the character or essential facts of a proceeding remain unchanged by the amendment, courts have declined to apply the revival exception.  *See*, *e.g.*, *Flora*, 2013 WL 4520854 at \*3 ("neither the target of the plaintiffs' attack nor the legal theories of the case have so changed . . . that the court would be inclined to apply the narrow revival exception"); *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, Civ. No. 00–1898, 2006 WL 1004725, at \*3 (S.D.N.Y. Apr. 17, 2006) ("Where the pleading amendments do not change the target of a plaintiff's attack, the basic legal theory of the case, or the nature of the relief sought there is no revival.  Thus, where the addition of new parties, the enactment of a new law, or the addition of claims does not change the essential nature of the action, revival is not warranted."); *Baych v. Douglass*, 227 F.Supp.2d 620, 623 (E.D. Tex. 2002) (declining to apply revival exception where new parties were added but facts remained the same).

## IV.    ANALYSIS

As the party asserting federal jurisdiction, Leonia bears the burden of establishing that the revival exception applies.  *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett*, 357 F.3d at 396.  That means Leonia bears the burden of showing the removal was proper, and therefore that Plaintiff Rosa's October 12th Amended Complaint has changed "the target of Plaintiff's attack [or] the legal theories of the case" sufficient to invoke the revival exception.  *Flora*, 2013 WL 4520854, at \*3.

As noted above, the Third Circuit has neither rejected nor adopted the revival exception.

But even if the Third Circuit recognized the revival exception, this Court concludes that Leonia

has not carried its burden of establishing that its application is warranted in this case.  Leonia has

failed to establish that Plaintiff Rosa's October 12th Amended Complaint either changed the

target of her attack or the legal theories of the case.  Leonia contends that in the October 12th

Amended Complaint, Plaintiff Rosa asserted new federal claims that challenge the ordinances

that Leonia adopted after the state court granted summary judgment to the NJDOT.  And while

that is accurate, it hardly explains how the fundamental focus of Plaintiff Rosa's claims has

changed.[5]  A comparison of the February 12th and October 12th Amended Complaints reveals

---

[5]  To the extent that Defendants rely on the substance of Ordinances Nos. 2018-14 and 2018-15
as supplying the basis for the revival exception, the Court respectfully disagrees.  As noted
earlier, it is Defendants' burden to prove that removal was timely and, in this case, that the
revival exception applies.  But Defendants fail to explain how the scope and substance of
Ordinance Nos. 2018-14 and 2018-15 gave rise to "an entirely new and different cause of
action[,]" *Johnson*, 227 F.3d at 242, other than the obvious fact that Ordinance Nos. 2018-14 and
2018-15 replaced the prior ordinances in §§ 194-25.1 and 194-49.  In fact, Defendants'
opposition brief does not explain how the substance of the ordinances differ, other than to assert
that Leonia provided notice of Ordinances Nos. 2018-14 and 2018-15 to the NJDOT and
surrounding municipalities.  Moreover, this Court's review of the ordinances does not reveal a
significant substantive difference between Ordinance No. 2017-19 and Ordinance Nos. 2018-14
and 2018-15.  Both sets of ordinances, in sum, limit or entirely prohibit through-traffic, by
restricting access to a large number of Leonia streets during the hours of 6:00 a.m. to 10:00 a.m.,
and 4:00 p.m. to 9:00 p.m.  *Compare* Ordinance No. 2017-19, attached as Exh. B to NJDOT
Certif., D.E. 3-6, *with* Ordinance Nos. 2018-14 and 2018-15, attached as, respectively, Exhs. DD
and CC to NJDOT Certif., D.E. 3-35 and 3-34.  Both sets of ordinances carve out exceptions for
Leonia residents and those traveling to or from a Leonia address.  As the NJDOT observes, "the
new ordinances are essentially a bifurcation of the old ordinances, dividing the streets into two
subcategories: those that are adjacent to a State highway and those that are not."  NJDOT Brief
in Support of Motion to Remand, D.E. 3-3, at 14.  A comparison of the text of the respective
ordinances supports that conclusion.  Further, Leonia's counsel has similarly described
Ordinance Nos. 2018-14 and 2018-15.  In a letter notifying counsel for the NJDOT of Ordinance
Nos. 2018-14 and 2018-15, Leonia's counsel described them as follows:

> Based upon [the state court's summary judgment ruling], the Borough of Leonia
> determined to segregate the streets which would be subject to restricted access as set forth
> in the Ordinance.  Ordinance 2018-15 addresses those streets which are adjacent to a

that they are strikingly similar in terms of the focus of their attack, the constitutional, Interstate

Commerce Clause, and state-law violations alleged therein, and their central theme that the

ordinances favor Leonia's residents and discriminate against non-residents because the

ordinances do not restrict access to the designated roads by Leonia residents or those traveling to

or from an address in Leonia.  February 12th Amended Complaint, D.E. 3-11, at ¶¶8, 40-41;

October 12th Amended Complaint, D.E. 3-50, at ¶¶8, 10, 40-41.  Both the February 12th and

October 12th Amended Complaints challenge Leonia ordinances that restrict traffic on certain

streets for the hours of 6:00 a.m. to 10:00 a.m. and 4:00 p.m. to 9:00 p.m., except for Leonia

residents and those traveling to or from a Leonia destination.  Both amended complaints

challenge the ordinances at issue as arbitrary and capricious and "caus[ing] a continuing public

harm to travel."  February 12th Amended Complaint, D.E. 3-11, at ¶¶11-13; October 12th

Amended Complaint, D.E. 3-50, at ¶¶11-13.  Both amended complaints also assert that the

ordinances at issue violate Plaintiff's civil rights, specifically what she asserts to be her Fifth

Amendment rights of basic liberty and to travel freely, and seek redress under 42 U.S.C. § 1983.

February 12th Amended Complaint, D.E. 3-11, at ¶¶35-37; October 12th Amended Complaint,

D.E. 3-50, at ¶¶35-37.  Both amended complaints also allege that the ordinances at issue violate

---

State highway and will be submitted to the Commissioner of the Department of
Transportation for review and approval in accordance with the applicable statute.

Letter from Brian Chewcaskie, Esq. to Philip Espinosa, Esq., Sept. 18, 2018, attached as Exh. EE
to NJDOT Certif., D.E. 3-36.  Moreover, to the extent that Leonia submitted Ordinance No.
2018-15 to NJDOT, that distinction does not merit application of the revival exception.  As noted
above, the test is whether the scope and substance of Plaintiff Rosa's initial claims and legal
theories have so changed such that the "allegations in the amended complaint [bears] 'no
resemblance whatsoever to the allegations of the [original] complaint.'"  *Flora*, 2013 WL
4520854, at *2 (quoting *Johnson*, 227 F.3d at 242).  This Court's review of the February 12th and
October 12th Amended Complaints, set forth above, compels it to conclude that Plaintiff Rosa's
claims and legal theories have not so changed.

the Interstate Commerce Clause, because the ordinances excessively burden interstate commerce in favor of Leonia residents.  February 12th Amended Complaint, D.E. 3-11, at ¶¶39-41; October 12th Amended Complaint, D.E. 3-50, at ¶¶39-41.

Given that federal jurisdiction is predicated on Plaintiff Rosa's § 1983 and Interstate Commerce Clause claims, whether the state-law violations alleged in the October 12th Amended Complaint are similar to the state-law violations in the February 12th Amended Complaint is not particularly significant to an analysis of the revival exception.  But even on this score, there is no basis for the revival exception. The state-law violations alleged in both amended complaints are substantially similar.  For example, in both amended complaints, Plaintiff Rosa also alleges that the ordinance at issue violates N.J.S.A. 39:4-8 because "[c]losing these roads during commuting hours has resulted in an increase in traffic on all three State highways" and Leonia had failed to (1) obtain NJDOT approval or (2) provide notice to adjoining municipalities or the county. February 12th Amended Complaint, D.E. 3-11, at ¶¶17-20; October 12th Amended Complaint, D.E. 3-50, at ¶¶15-20.  Both amended complaints also challenge the ordinance at issue under N.J.S.A. 39:4-197.2, and N.J.S.A. 39:4-94.2.

Finally, the relief that Plaintiff Rosa seeks is substantively the same.  Specifically, both amended complaints are actions in lieu of prerogative writs, in which Plaintiff Rosa seeks judicial review of the ordinances in question under New Jersey Court Rule 4:69.  In sum, although Leonia revised the ordinances, the subject matter of those ordinances, the subject and legal theories of Plaintiff Rosa's challenges to Ordinances Nos. 2018-14 and 2018-15, and the relief she seeks are substantively similar to the February 12th Amended Complaint.  For those reasons, the Court concludes that application of the revival exception is not warranted in this matter.  Further, Defendants did not remove this matter within thirty days from when Plaintiff

Rosa first added the federal claims on February 12, 2018.  Therefore, the Court concludes that

Defendants did not timely remove this matter to this Court under § 1446(b) and recommends that

the District Court remand this matter in its entirety to the Superior Court of New Jersey, Law

Division, Hudson County.

The Undersigned also recommends that the District Court decline to exercise

supplemental jurisdiction under 28 U.S.C. § 1367.[6]  Section 1367(c)(3) provides that "a district

court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction."  This decision is left to the

district court's sound discretion.  However, the Third Circuit has instructed that once a district

court has dismissed the claims over which it had original jurisdiction, it must decline to exercise

supplemental jurisdiction absent extraordinary circumstances, which may include

"considerations of judicial economy, convenience, and fairness to the parties . . . ."  *Hedges v.*

*Musco*, 204 F.3d 109, 123 (3d Cir. 2000).  *See also Kalick v. United States*, 35 F. Supp. 2d 639

(D.N.J. 2014) ("Absent extraordinary circumstances, 'jurisdiction [over plaintiff's state law

claims] should be declined where the federal claims are no longer viable.'") (quoting *Shaffer v.*

*Bd. of School Dirs. of Albert Gallatin Area School Dist.*, 730 F.2d 910, 912 (3d Cir. 1984))

(brackets in Kalick).

In this case, the Defendants do not identify any extraordinary circumstances that would

warrant the exercise of supplemental jurisdiction over the state claims.  Moreover, considerations

---

[6] It is unclear from the parties' submissions whether Defendants propose that the District Court exercise supplemental jurisdiction only if it determines that removal was timely and denies the remand motion.  The Court already having determined that remand is appropriate, it would make little sense for the Court to retain jurisdiction over the state-law claims.  But given the lack of clarify in the briefing, and in the interest of completeness, the Court nonetheless addresses the issue of supplemental jurisdiction.

such as judicial economy, convenience, and fairness to the parties strongly favor remanding all claims to the state court.  First, the remanded claims will presumably proceed in state court, and requiring substantially overlapping claims between the same parties concerning the same ordinances to proceed in two separate jurisdictions hardly promotes judicial economy or consistency.

Moreover, this matter was extensively litigated in the state court, including summary judgment motion practice by each of the parties, as well as Defendants' application for reconsideration and a stay.  The state court adjudicated all of those motions.  By contrast, in this Court, Plaintiffs moved to remand soon after Defendants removed the matter, and there have been no judicial proceedings before this Court other than this motion.  Finally, given that all parties are citizens or agencies within New Jersey, and many, if not most, of the claims allege that Ordinances Nos. 2018-14 and 2018-15 violate state law, no party can credibly claim prejudice or inconvenience by being required to litigate this case in the New Jersey state court. In sum, the Defendants fail to identify any extraordinary circumstance, or other factor, that would warrant this Court exercising supplemental jurisdiction.[7]

V.     CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court grant Plaintiffs' motion to remand, decline to exercise supplemental jurisdiction over the state-law claims, and remand this matter in its entirety to the Superior Court of New

---

[7]   Accordingly, the Court need not reach the NJDOT's contention that the Court should decline to exercise supplemental jurisdiction because of the *Rooker-Feldman* Doctrine and *Younger* abstention.

Jersey, Law Division, Hudson County.  The Undersigned further recommends that the District

Court deny NJDOT's request for attorney's fees.[8]

The parties are advised that pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2), any

objection to this Report and Recommendation must be filed and served within fourteen days.


s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**


Dated:  February 21, 2019

---

[8]  The NJDOT's application for attorney's fees consists of a single sentence in the conclusion of its moving brief.  The NJDOT neither poses an argument for fees, nor offers a factual or legal basis for its fee request.  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sough for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  The NJDOT does not assert, nor does the Court find, that Defendants removed this action for the purpose of delay or imposing costs on Plaintiffs.